IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

| | |
|---|---|
| J.H., by and through his next friend, Terina Gray; on behalf of himself and all persons similarly situated, )<br><br>Plaintiff, )<br>v. )<br><br>HINDS COUNTY, MISSISSIPPI, )<br><br>Defendant. ) | Case No. 3:11CV327DPJ-FKB |

## COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

1.     This is a civil action pursuant to 42 U.S.C. § 1983 to vindicate the rights of

children imprisoned at the Henley-Young Juvenile Justice Center (hereinafter

"Henley-Young") under the Eighth and Fourteenth Amendments to the United States

Constitution.  The Plaintiff represents a class of children who have suffered abuse and

live in unsafe and unsanitary conditions at Henley-Young.   Henley-Young's

inhumane and unconstitutional practices include regularly isolating children in small

cells for 20 - 23 hours a day and subjecting them to sensory deprivation.  Children

languish in their cells receiving sporadic access to educational services and

counseling services. Children with serious mental health needs are frequently denied

the services necessary to treat their conditions. Henley-Young staff torment youth—

including those living with mental illness—with taunts and threats that constitute

verbal abuse.  One officer told a suicidal youth that if the youth succeeded in killing

1

himself it would be okay—because there would be one less child to care for inside of the facility. Another staff member threatened to come to a child's house and harm his family because the child took too long in the shower. These violations reflect a disorganized, understaffed facility that houses children in brutal, abusive conditions.

2.      On behalf of himself and all similarly situated children, the named Plaintiff seeks declaratory, preliminary, and permanent injunctive relief requiring that the Defendant cease its unconstitutional policies and practices at Henley-Young and provide class members with the standard of care and conditions of confinement mandated by the United States Constitution.

## PARTIES

3.      Plaintiff J.H. is a twelve-year-old male who lives with various mental health diagnoses, including attention deficit hyperactivity disorder, and is currently imprisoned at Henley-Young.  On behalf of himself and all similarly situated children, he brings this action by and through his next friend and mother, Terina Gray. J.H. is confined at Henley-Young pre-adjudication.

4.      The named Plaintiff's plight echoes the stories of many youth imprisoned at Henley-Young. Children uniformly describe Henley-Young as a facility where youth languish without necessary mental health services, are regularly verbally abused, harassed, and taunted by officers and where they are almost always confined in small cells for approximately 20 hours a day. These conditions violate the constitutional rights of the named Plaintiff and all similarly situated children, all of whom are entitled to reasonably safe and sanitary conditions of confinement and protection from harm.

5.      Defendant Hinds County is a governmental entity with responsibility to "establish and maintain detention facilities, shelter facilities . . . or any other facility necessary to carry on the work of the youth court."   Miss. Code Ann. § 43-21-19. Hinds County is the entity with ultimate responsibility to secure and protect the rights of children held at Henley-Young.

## JURISDICTION AND VENUE

6.      The named Plaintiff's cause of action arises under the Eighth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

7.      Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1331.

8.      Venue in this Court is proper under 28 U.S.C. § 1391(b).  Defendant resides in this district, and the events and omissions complained of occurred in this district.

## CLASS ACTION ALLEGATIONS

9.      The named Plaintiff brings this suit on his own behalf and on behalf of all children who are, or will in the future be, imprisoned at the Henley-Young Juvenile Justice Center.

10.     The class is so numerous that joinder of all members is impractical.  Henley-Young has the capacity to house 84 youth at one time and well over 300 youth pass through the facility in a one-year time period.  Accordingly, the Defendant has subjected hundreds of children to abusive conditions.  Further, because children remain at Henley-Young for varying lengths of time, and the population changes on a daily basis, the class also includes future members whose names are not known at this time. Fed. R. Civ. P. 23(a)(1).

11.     There are questions of law and fact common to all class members, including but not limited to the Defendant's failure to provide class members with constitutionally adequate mental health care, the Defendant's policy and practice of subjecting class members to prolonged periods of cell confinement, and the Defendant's failure to otherwise provide class members with constitutionally safe and humane conditions of confinement. Fed. R. Civ. P. 23(a)(3).

12.     Because the policies, practices, and customs challenged in this Complaint apply with equal force to the named Plaintiff and the other members of the class, the claims of the named Plaintiff are typical of the class in general.  Fed. R. Civ. P. 23(a)(3).

13.     The named Plaintiff will fairly and adequately represent the interests of the class.  He possesses a strong personal interest in the subject matter of the lawsuit and is represented by experienced counsel with expertise in class action litigation in federal court.  Counsel has the legal knowledge and resources to fairly and adequately represent the interests of all class members in this action.  Fed. R. Civ. P. 23(a)(4).

14.     The Defendant refuses to act on grounds generally applicable to the class in that Defendant's policies and practices of violating the Plaintiff's constitutional rights have affected all class members.  Accordingly, final injunctive and declaratory relief is appropriate to the class as a whole.  Fed. R. Civ. P. 23(b)(2).

## STATEMENT OF FACTS

15.     Henley-Young is the largest detention center in the State and has the capacity to house 84 youth.  There are currently 37 children being held in the facility.  Henley-Young holds children awaiting adjudication and disposition by the Hinds County

Youth Court.   It may also hold youth for up to 90 days as a post-adjudication disposition.  Miss. Code Ann. § 43-21-605(1)(k).  Youth are regularly incarcerated at Henley-Young both before and after disposition.

16.     This complaint describes conditions that currently exist and gives examples involving specific youth who are and recently were incarcerated at Henley-Young.

### Excessive Cell Confinement

17.     Defendant has a custom and/or practice of confining youth in oppressively small cells that contain nothing but a toilet, sink, and bed for 20-23 hours per day. Youth imprisoned at Henley-Young spend the majority of their time in their cells with absolutely nothing to do, requiring them to sit or lie idle in their cells for extended periods of time.   Only a select few youth are allowed to have reading materials from Henley-Young's school in their cells and the majority of the youth are not allowed to have any type of reading or writing materials in their cells, with the exception of a Bible.

18.     Defendant has a custom and/or policy of failing to provide children with access to regular physical exercise, recreation, or any other rehabilitative programming.  Youth are occasionally permitted to exercise, but are generally denied the opportunity to engage in any large muscle exercise for days at a time.

19.     Since his admission into Henley-Young, J.H. has spent 20 hours a day locked inside of cell with limited human interaction.  He is denied access to all rehabilitative and educational programming and is provided only extremely limited opportunities to engage in large muscle exercise.

### Inadequate Mental Health Care

20.    The Defendant fails to provide minimally adequate mental health services for the youth in its custody.  The Defendant has a policy and practice of denying the Plaintiff access to mental health counseling, medication monitoring, and the staff fail to distribute and/or monitor youths' medications in compliance with professionally accepted standards of care.  Most staff members are unable to recognize and properly react to the obvious needs of youth with known, demonstrable, serious mental health disorders.

21.    Defendant fails to assure that youth are provided adequate psychological assessments upon admission to Henley-Young by trained mental-health professionals, resulting in under-identification of and inadequate treatment for youth with serious mental illnesses, developmental disabilities, or other disabilities.  Defendant also fails to take steps to treat youths' pre-existing mental health conditions, causing youth to go without medication, psychological evaluations, and access to mental-health professionals.

22.    Defendant routinely asks parents of youth detained at the facility to bring medication to the facility and has even threatened to report parents to the Mississippi Department of Human Services for neglect if they fail to do so.  Defendant depends on the parents/guardians of youth detained at Henley-Young to provide medication, rather than securing medication for youth in its custody.

23.    Prior to his admission to Henley-Young, J.H. was prescribed and took Risperidone daily to address his mental health needs.  J.H. arrived at the facility without his medication and went without his medication for two days.  He was only able to resume taking his prescription after he informed his mother that he had not

been provided his medication.  In response to this denial, J.H.'s mother brought his pills to the detention center.  If J.H.'s mother had been unable to bring the medication to Henley-Young, it is likely that he would have been deprived of his medication for the duration of his detention.  Despite his pronounced mental health needs, J.H. received no mental health counseling or treatment for the duration of his imprisonment at Henley-Young.

24.     In April 2011, Henley-Youth staff denied W.J., a sixteen-year-old youth with serious mental health needs, the Melatonin, Cogentin and Zyprexa that he regularly took in order to treat his mental health needs and to help him sleep.  As a result of this denial, W.J. often had trouble falling asleep.

25.     In May 2011, D.C., a twelve-year-old youth with a history of serious mental health issues was detained at Henley-Young for well over a month.  During this entire time period, Henley-Young staff refused to provide him with mental health services—including but not limited to prescription medication.  Because he was denied treatment for his mental health needs, D.C. began to experience suicidal thoughts and attempted to harm himself by banging his head against the walls of his cell.  Despite his clearly manifested need for treatment, Henley-Young staff refused to provide D.C. with adequate care.

26.     In October 2010, D.I., a seventeen-year old youth, began cutting himself with a razor—this self-harming behavior was a manifestation of serious mental health need.  Instead of providing D.I. with the required care, Henley-Young staff taunted the youth and commented that if he succeeded in killing himself, there would be "one less person officers have to worry about."

**Verbal Abuse**

27.    Staff at Henley-Young routinely subject youth confined at the facility to verbal and physical abuse.  The verbal abuse is usually in the form of cursing and threats of physical harm to youth, and in some instances family members of youth.  Officers have even threatened to kill youth.  This verbal abuse frequently escalates into physical assaults.  Instead of employing de-escalation techniques, officers routinely use physical force to get youth to return to their cells.

28.    While J.H. has been at Henley-Young, he has been targeted by staff because he continually cries and expresses his depression.  Officers have called him a "cry baby" and have said "shut up you b---h" to him when he is crying.  The officers have also threatened to beat J.H. as a consequence for his crying.  As a result, J.H. does not feel safe at Henley-Young and is constantly afraid that the officers are going to harm him.  This causes J.H. severe emotional distress.

29.    In February 2011, an officer began cursing a youth who took too long to return to his cell after his shower.  The officer began cursing the youth and told the youth that he worked for the police department and would find out where the youth lives and inflict harm on the youth and his family.  In the days that followed this incident, the officer refused to allow the youth to shower on a daily basis.

30.    Upon information and belief, and based on interviews with youth who are currently held or were recently held at Henley-Young, such verbal abuse is routinely inflicted on putative class members.

**Inadequate Family Unification and Community Reintegration**

31.     The Defendant has a custom and/or practice of placing an unnecessary burden on a youth's ability to maintain contact with their family members.   This communication is essential for children's treatment and rehabilitation and for their eventual reintegration into the community.   It is also important to ensure that the facility's policies and practices do not substantially depart from accepted professional judgment.

32.     J.H. has been barred from engaging in regular communication with his mother since his arrival at Henley-Young.  He was denied the opportunity to call his mother when he first entered the facility and approximately 24 hours elapsed before was allowed to speak with his mother.

## NECESSITY FOR INJUNCTIVE RELIEF

33.     The Defendant has acted and continues to act in violation of the law as explained above.  The named Plaintiff and the class they seek to represent do not have an adequate remedy at law.  As a result of the policies, practices, acts, and omissions of the defendant, the named Plaintiff, and the class he seeks to represent, has suffered serious, imminent, irreparable physical, mental and emotional injuries.

## EXHAUSTION

34.     The named Plaintiff has exhausted all available administrative remedies. Additionally, since June 2010, undersigned counsel has submitted weekly reports to the Defendants documenting these and other deficiencies and informed the Defendant of the same by letter from December 2009 to June 2010.  The Defendants have failed to take any meaningful action to correct these constitutional violations and have

allowed the children in their custody to languish in an abusive facility despite having clear notice that these violations persist.

## CAUSES OF ACTION

35.     Plaintiffs incorporate by reference all of the above factual allegations to support the following claims:

## Count I

36.     The conditions of confinement at Henley-Young and the Defendant's deliberate indifference to those conditions, considered both individually and in their totality, constitute cruel and unusual punishment and a denial of due process in violation of Plaintiff's rights under the Eighth and Fourteenth Amendments to the United States Constitution, as enforced through 42 U.S.C. § 1983.

## Count II

37.     Defendant's refusal to protect children from harm, otherwise keep them physically safe and secure and free from unconstitutional practices like excessive cell confinement, and verbal abuse violates plaintiff's constitutional rights under the Eighth Amendment and the Fourteenth Amendment to the United States Constitution, as enforced through 42 U.S.C. § 1983.

## Count III

38.     Defendant's deliberate indifference to the children's serious mental health needs and their right to rehabilitative services violates the Plaintiff's constitutional rights under the Eighth and Fourteenth Amendments to the United States Constitution, as enforced through 42 U.S.C. § 1983.

## PRAYER FOR RELIEF

a. Declare that the acts and omissions of the Defendant violate the federal law;

b. Enter a preliminary and permanent injunction requiring the Defendant, its agents, employees and all persons acting in concert with the Defendant to cease their unconstitutional and unlawful practices;

c. Award to the Plaintiff reasonable costs and attorney's fees; and

d. Grant the Plaintiff such other relief as the Court deems just.

Respectfully Submitted,

/s/ Corrie W. Cockrell
Corrie W. Cockrell, Miss. Bar No. 102376
Jody E. Owens, II, Miss. Bar No. 102333
Poonam Juneja, Miss. Bar No. 103181
Sheila A. Bedi, Miss. Bar No. 101652
Mississippi Youth Justice Project
A Project of the Southern Poverty Law Center
921 N. President St., Suite B
Jackson, Mississippi 39202
jody.owens@splcenter.org
poonam.juneja@splcenter.org
corrie.cockrell@splcenter.org
sheila.bedi@splcenter.org
601-948-8882 (telephone)
601-948-8885 (fax)

Wendy White, Miss Bar No. 100409
Disability Rights Mississippi

Counsel for Plaintiffs.

CERTIFICATE OF SERVICE

## CERTIFICATE OF SERVICE

I, Corrie W. Cockrell, an attorney for the plaintiff, hereby certify that on June 1, 2011, a true and correct copy of the foregoing document was delivered to the Attorney for the Hinds County Board of Supervisors via hand delivery and electronic mail.  Notice of this filing will be sent by e-mail to all parties by the Court's electronic filing system.

Dated: June 1, 2011

/s/ Corrie W. Cockrell, Miss. Bar No. 102376
Southern Poverty Law Center