IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

| | |
|---|---|
| J.H., by and through his next friend, Terina Gray; on behalf of himself and all persons similarly situated,<br><br>                Plaintiff,<br>v.<br><br>HINDS COUNTY, MISSISSIPPI,<br><br>                Defendant. | Case No. 3:11-cv-00327-DPJ -FKB |

## PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

Pursuant to Rule 23(b) of the Federal Rules of Civil Procedure, the Plaintiff moves this Honorable Court to issue an order certifying the named Plaintiff to represent a class composed of all children who are currently or will in the future be confined at Henley-Young Juvenile Justice Center ("Henley-Young"). This proposed class seeks only declaratory and permanent injunctive relief.

Under the Federal Rules of Civil Procedure, the named plaintiff may bring suit as representative parties on behalf of a class:

> [O]nly if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). Each requirement is met here. First, Henley-Young has the capacity to house 84 children on any given day. Because the length of each child's detention varies, the facility's population changes frequently. The class also includes future, unknown members who

cannot be joined. Second, this action involves questions of law and fact that are common to all class members. Third, because the challenged policies and practices apply with equal force to all class members, the claims of the named Plaintiff are typical of the class. Finally, the named Plaintiff will fairly and adequately represent the interests of the class. The named Plaintiff has a personal interest in the subject matter of the lawsuit, and Plaintiff's counsel is experienced in class action litigation and is prepared to pursue the case vigorously on behalf of the class. Because the putative class satisfies every element of Rule 23(a), and because the Defendant has acted and refuses to act on grounds generally applicable to the class as a whole, class certification is proper under Rule 23(b)(2).

For the reasons stated above and explained in the memorandum of law accompanying this filing, Plaintiff requests that this motion for class certification be granted.

Date: May 31, 2011

Respectfully submitted,

\_\_/s/ Corrie W. Cockrell\_\_\_\_
Miss. Bar No. 103276
Jody E. Owens, Miss. Bar No. 102333
Poonam Juneja, Miss. Bar No. 103181
Sheila A. Bedi, Miss. Bar No. 101652
Mississippi Youth Justice Project
A Project of the Southern Poverty Law Center
921 N. President St., Suite B
Jackson, Mississippi 39202
jody.owens@splcenter.org
poonam.juneja@splcenter.org
corrie.cockrell@splcenter.org
sheila.bedi@splcenter.org
601-948-8882 (telephone)
601-948-8885 (fax)

Wendy White, Miss Bar No. 100409
Disability Rights Mississippi
210 E. Capitol Street, Suite 100

Jackson, Mississippi 39201
wwhite@drms.ms
601-968-0600 (telephone)
601-968-0665 (fax)

Counsel for Plaintiffs.

**CERTIFICATE OF SERVICE**

I, Corrie Cockrell, one of the attorneys for the Plaintiff, do hereby certify that I electronically filed the foregoing Motion for Class Certification with the Clerk of the Court using the ECF system, which sent notification to all counsel of record.

SO CERTIFIED, this 1st day of June, 2011.

/s/ Corrie W. Cockrell_____
Corrie W. Cockrell, Miss. Bar No. 102376