IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

| | |
|---|---|
| J.H., by and through his next friend, Terina Gray; on behalf of himself and all persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HINDS COUNTY, MISSISSIPPI,<br><br>Defendant. | Case No. 3:11-cv-00327-DPJ -FKB |

### MEMORANDUM OF LAW IN SUPPORT OF
### PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

This challenge to the Defendant's unconstitutional policy of denying incarcerated children their rights under the U.S. Constitution presents a classic case for class certification. The Plaintiff class – consisting of all children who are now or will in the future be committed to or detained in the Henley-Young Juvenile Justice Center ("Henley-Young") – seeks permanent injunctive relief, along with corresponding declaratory relief. It would be impossible to join every present and future resident of Henley-Young in a single suit, and the named Plaintiff will more than adequately represent the interests of the class. By granting Plaintiff's motion for class certification, the Court will help resolve this suit with speed, consistency and fairness to all parties.

Class certification is routinely granted in cases related to prison and jail conditions. *See, e.g., Martin v. Hadix*, 527 U.S. 343 (1999); *Lewis v. Casey*, 518 U.S. 343 (1996); *Castillo v. Cameron County*, 238 F.3d 339 (5th Cir. 2001); *Gates v. Cook*, 234 F.3d 221 (5th Cir. 2000).

2

Indeed, the class action device was specifically developed to improve the ability of courts to resolve suits involving the criminal justice system. HERBERT B. NEWBERG, 485 NEWBERG ON CLASS ACTIONS § 25.18 (2d ed. 1985). Courts have broad discretion to certify any class that comes within the parameters of Federal Rule of Civil Procedure 23. *See Spence v. Glock, Ges.m.b.H.*, 227 F.3d 308, 310 (5th Cir. 2000). Plaintiffs seeking class certification must establish all of the elements of Rule 23(a), as well as at least one element of Rule 23(b). *See Sears Bolin v. Sears, Roebuck & Co.*, 231 F.3d 970, 975 (5th Cir. 2000). Each of those requirements is easily met in this case.

### A.   Numerosity

To satisfy Rule 23(a)(1), the "plaintiff must ordinarily demonstrate some evidence or reasonable estimate of the number of purported class members." *See James v. Dallas*, 254 F.3d 551, 570 (5th Cir. 2001) (internal quotations and citations omitted). The Plaintiff class in this case consists of all the youth who are presently confined at Henley-Young, as well as an unknown – and unknowable – number of children who will be held there in the future. Upon information and belief, well over three hundred youth are detained annually at Henley-Young.[1] Thus, the number of potential plaintiffs would easily satisfy the Fifth Circuit's standards for numerosity. *Cf., e.g.*, *Jones v. Diamond*, 519 F.2d 1090, 1100 & n.18 (5th Cir. 1975) (class of 48 members), *Gardner v. Westinghouse Broadcasting Co.*, 437 U.S. 478 (1978); *Jack v. American Linen Supply Co.*, 498 F.2d 122, 124 (5th Cir. 1974) (class of 51 members). The inclusion of future residents renders it literally impossible to join all members of the class, another factor that

---

[1] *See* Mississippi Department of Human Services, Division of Youth Services, *Statistical Data*, available online at http://www.mdhs.state.ms.us/pdfs/dys3_counties2008.pdf (Last visited April 26, 2011) (Hinds County data reflects that in 2008, 21 youth were committed post-adjudication to the detention center by the Hinds County Youth Court as a disposition in 2008). In addition to youth who are sentenced to serve some amount of time at the Juvenile Detention Center as a disposition after an adjudicatory hearing, many more youth are detained there for some amount of time prior to their adjudicatory hearing. The facility has the physical capacity to hold up to 84 youth at one time and the daily capacity is usually between 40 and 50 youth.

weighs heavily in favor of certification. *Pederson v. Louisiana State Univ.*, 213 F.3d 858, 868 n.11 (5th Cir. 2000).

  **B.**  **Commonality & Typicality**

  The next two elements of Rule 23(a) – commonality and typicality – "serve as guideposts for determining whether . . . maintenance of a class action is economical and whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence." *Gen. Tele. Co. v. Falcon,* 457 U.S. 147, 157 n.13 (1982); *see also Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 626 n.20 (1997) (characterizing "adequacy-of-representation" as a third guidepost); *accord Steering Comm. v. Exxon Mobil Corp.*, 461 F.3d 598, 601 (5th Cir. 2006); *Feder v. Elec. Data Sys. Corp.*, 429 F.3d 125, 129 (5th Cir. 2005). Although, in practice, the commonality and typicality requirements "tend to merge," the Fifth Circuit has provided some analytical guidance to courts to highlight the factors most relevant to each provision. *See Lightbourn v. El Paso*, 118 F.3d 421, 426 (5th Cir. 1997) (addressing both requirements); *Stirman v. Exxon Corp.*, 280 F.3d 554, 562 (5th Cir. 2002) (addressing the typicality requirement).

  In *Lightbourn*, the court held that "[t]he commonality test is met when there is at least one issue, the resolution of which will affect all or a significant number of the putative class members." 118 F.3d at 426. In this case, common issues include: the constitutionality of the Defendant's policies, customs, and practices with regard to protection from harm, the provision of adequate mental health services and access to the courts. The named Plaintiff and the absent class members are equally affected by the Defendant's unconstitutional policies, customs, and practices, and any relief ordered by this Court would impact them in the same way.

  Typicality focuses on "whether the class representative's claims have the same essential characteristics of those of the putative class." *Stirman*, 280 F.3d at 562 (quoting *James v. Dallas*,

254 F.3d at 571).  Like commonality, the typicality test is "not demanding," and is easily satisfied in this case.  *Lightbourn*, 118 F.3d at 426.  If class certification is denied, every child at Henley-Young will be forced to pursue an individual action to vindicate his or her rights under the U.S. Constitution.  Each of those complaints would be virtually identical to the class complaint at issue here.  *Cf. Mullen v. Treasure Chest Casino, LLC*, 186 F.3d 620, 625 (5th Cir. 1999) (holding that typicality requirement was met where "the Named Plaintiffs' and the proposed class members' legal and remedial theories appear[ed] to be exactly the same").

### C. Adequacy of Representation

There is no question that the named Plaintiff and Plaintiff's counsel will fairly and adequately protect the interests of the class.  *See* FED. R. CIV. P. 23(a)(4); *Stirman*, 280 F.3d at 563 (holding that Rule 23(a)(4) requires consideration of "[1] the zeal and competence of the representative[s'] counsel and . . . [2] the willingness and ability of the representative[s] to take an active role in and control the litigation and to protect the interests of absentees"); *accord Berger v. Compaq Computer Corp.*, 257 F.3d 475, 479 (5th Cir. 2001); *accord Feder*, 429 F.3d at 129-130.  First, the Plaintiff is represented by attorneys with ample experience in class actions and civil rights litigation – both in general and with respect to juvenile prison cases in particular. (*See* Ex. 1, Bedi Decl.).  Counsel is capable of pursuing the case vigorously on behalf of the class.  *Id.*  Second, with respect to the named Plaintiff, courts faced with child representatives have not attempted to hold young litigants to adult standards, focusing instead on the engagement level of the child's next friend.  *Cf. Horton v. Goose Creek Indep. Schl. Dist.* 690 F.2d 470, 484 (5th Cir. 1982).  The next friend in this case – the parent of child with disabilities – has clearly demonstrated her commitment to protect not only her child's rights, but also the rights of the absent class members. (see Ex. 2, Gray Decl.).

### D. Injunctive and Declaratory Relief

The Plaintiff class also satisfies the requirements of Rule 23(b)(2). Defendant's actions have been taken "on grounds generally applicable to the class, thereby making appropriate final injunctive or corresponding declaratory relief with respect to the class as a whole." FED. R. CIV. P. 23(b)(2). Each issue complained of by the named Plaintiff is a systemic problem, to which all youth detained at Henley-Young have been subjected. Staff members regularly lock children in small cells for 23 hours a day. Compl. ¶¶1, 3, 17, 18, and 19. Children are denied access to prescribed medication and mental health care. Compl. ¶¶1, 4, 20, 21, 22, 23, 24, and 25. Children at the facility are not given appropriate supervision by guards or access to regular physical exercise, recreation or any other rehabilitative programming. Compl. ¶¶18 and 19. Youth are often subjected to verbal abuse and have been threatened with physical harm. Compl. ¶¶4, 27, 28, and 29. The Defendant needlessly interferes with youths' opportunity to communicate with their parents when they arrive at the facility. Compl. ¶36.

Defendant has subjected the members of the potential class to this unlawful treatment, simply on virtue of the youth being detained at Henley-Young. Because this subsection is particularly applicable to suits by prisoners, NEWBERG § 25.18, it is clear that the Plaintiff class satisfies this element of Rule 23.

For all the above reasons, the Plaintiffs request that this motion for class certification be granted.

Dated: June 1, 2011.

                                      Respectfully submitted,

                                      __/s/ Corrie W. Cockrell__
                                      Corrie W. Cockrell, Miss. Bar No. 102376
                                      Jody E. Owens, II, Miss Bar No. 102333
                                      Poonam Juneja, Miss. Bar No. 103181
                                      Sheila A. Bedi, Miss. Bar No. 101652
                                      Mississippi Youth Justice Project

A Project of the Southern Poverty Law Center
921 N. President St., Suite B
Jackson, Mississippi 39202
jody.owens@splcenter.org
poonam.juneja@splcenter.org
corrie.cockrell@splcenter.org
sheila.bedi@splcenter.org
601-948-8882 (telephone)
601-948-8885 (fax)

Wendy White, Miss Bar No. 100409
Disability Rights Mississippi
210 E. Capitol Street, Suite 100
Jackson, Mississippi 39201
wwhite@drms.ms
601-968-0600 (telephone)
601-968-0665 (fax)

        Counsel for Plaintiffs.

## **CERTIFICATE OF SERVICE**

I, Corrie Cockrell, one of the attorneys for the Plaintiff, do hereby certify that I electronically filed the foregoing Memorandum of Law in Support of Plaintiff's Motion for Class Certification and accompanying exhibits with the Clerk of the Court using the ECF system, which sent notification to all counsel of record.

SO CERTIFIED, this 1st day of June, 2011.

/s/ Corrie W. Cockrell
Corrie W. Cockrell, Miss. Bar No. 102376