**Cooperative Agreement Between Mississippi Protection & Advocacy System, Inc. and the Mississippi Youth Justice Project, a project of the Southern Poverty Law Center**

This is a contract between Mississippi Protection and Advocacy, "MS P&A," and the Mississippi Youth Justice Project, a project of the Southern Poverty Law Center "MYJP." This contract is intended to provide MYJP with access to correctional and mental health facilities housing mentally ill individuals under the age of 21. Pursuant to federal law and this agreement, MYJP will have all of the access rights and privileges afforded to MS P & A, subject only to the limitations explained below.

1. Pursuant to 42 U.S.C. § 10804 (a) (1)(A-B), MS P & A has the authority to contract with non-profit organizations that 1) operate throughout the state of Mississippi; 2) are independent of any agency that provides treatment or services to individuals with disabilities; and 3) have the capacity to protect and advocate for the rights of individuals with disabilities. MYJP operates throughout the state of Mississippi, does not provide treatment services to individuals with disabilities, and has the capacity to protect and advocate for the rights of individuals with disabilities.

2. This contract authorizes MYJP to investigate incidents of abuse and neglect concerning individuals with mental illness, developmental disabilities, and/or other disabilities who are incarcerated at the Walnut Grove Youth Correctional Facility, any county jail detention center or juvenile detention center housing children under the age 21, the Oakley Training School, and the Columbia Training School. This contract further authorizes MYJP to investigate incidents of abuse and neglect concerning individuals with mental illness, developmental disabilities, and/or other disabilities under the age of 21 committed to any facility operated by the Department of Mental Health including, but not limited to the Juvenile Rehabilitation Facility and the Specialized Treatment Facility for Youth with Emotional Disturbances.

3. Pursuant to 42 U.S.C. § 10806, this contract authorizes MYJP to have access to all records of any person with a disability who is incarcerated or committed in any institution in which MYJP conducts monitoring visits.

4. MYJP is authorized to pursue administrative, legal, and other appropriate remedies to ensure the protection of individuals with mental illness, developmental disabilities, and/or other disabilities in the above-mentioned facilities. MYJP will provide notice to MS P & A before it initiates any formal legal action.

5. MYJP will establish a schedule of monitoring visits and will provide notice to MS P & A at least twenty-four hours in advance of every visit. MYJP will also provide MS P & A with a written report of each visit within 48 hours of the visit.

6. All work conducted pursuant to this contract will be executed under the supervision of Sheila Bedi, an attorney and co-director of the MYJP. MYJP's liability insurance will cover all MYJP work conducted pursuant to this contract.

Sheila A. Bedi
Co-Director, MYJP

11/16/06
Date

Rebecca A. Floyd
Executive Director, MPAS

11/14/06
Date

**EXHIBIT A**

# COOPERATIVE AGREEMENT

This is a contract between Disability Rights Mississippi (DRMS) formerly known as Mississippi Protection and Advocacy Systems, Inc., and the Mississippi Youth Justice Project, a project of the Southern Poverty Law Center (MYJP). This contract is intended to provide MYJP with access to detention centers, correctional and mental facilities in Mississippi housing individuals with mental illness, developmental disabilities, and/or other disabilities under the age of 21. Pursuant to federal law and this agreement, MYJP will have all of the access rights and privileges afforded to DRMS, subject only to the limitations explained below.

1. Pursuant to 42 U.S.C. §10804(a)(1)(A-B), DRMS has the authority to contract with non-profit organizations that: 1) operate throughout the state of Mississippi; 2) are independent of any agency that provides treatment or services to individuals with disabilities; and 3) have the capacity to protect and advocate for the rights of individuals with disabilities. MYJP operates throughout the state of Mississippi, does not provide treatment services to individuals with disabilities, has demonstrated experience in working with individuals with mental illness, and has the capacity to protect and advocate for the rights of all individuals with disabilities.

2. Pursuant to the above and 42 C.F.R. §51.21(3)(i), MYJP is authorized to provide the following protection and advocacy services: to investigate incidents of abuse and neglect concerning individuals with mental illness, developmental disabilities, and/or other disabilities who are incarcerated at the Walnut Grove Youth Correctional Facility, any county jail, detention center or juvenile detention center housing children under the age of 21 and the Oakley Training School; to investigate incidents of abuse and neglect concerning individuals with mental illness, developmental disabilities, and/or other disabilities under the age of 21 committed to any facility operated by the Department of Mental Health, including, but not limited to the Juvenile Rehabilitation Facility and the Specialized Treatment Facility for Youth with Emotional Disturbances; and to monitor the above mentioned facilities for compliance with respect to the rights and safety of service recipients as outlined in 45 C.F.R. §1386.22(g) and 42 C.F.R. §51.42(c)(2).

3. Pursuant to 42 U.S.C. §10806, this contract authorizes MYJP to have access to all records of any person with a disability who resides in any facility in which MYJP conducts monitoring visits, as well as all facility records to which DRMS is authorized access.

4. MYJP is authorized to pursue administrative, legal and other appropriate remedies to ensure the protection of individuals with mental illness, developmental disabilities, and/or other disabilities in the above-mentioned facilities. MYJP will provide notice to DRMS before it initiates any formal legal action.

5. MYJP will establish a schedule of monitoring visits and will provide DRMS with a written report of each visit within one week of the visit.

6. Pursuant to 42 C.F.R. §51.21, MYJP affirms that: MYJP attorneys, community advocates, and interns routinely advocate for children with mental illness, developmental disabilities, and/or disabilities and their families and conduct investigations on their behalf. 42 C.F.R. §51.21(b)(3)(ii). In the course of monitoring and/or investigation, MYJP will conduct interviews with clients and facility staff and review the relevant records. 42 C.F.R. §51.21(b)(3)(iii). While there is no deadline for this contract, it may be cancelled by either party upon written notification of cancellation provided two weeks in advance. 42 C.F.R. §51.21(b)(3)(iv). MYJP will use its own resources to fulfill the contract and will not seek monetary support from DRMS. 42 C.F.R. §51.21(b)(3)(v).

7. MYJP will abide by the federal law that establishes DRMS and will meet all applicable terms and conditions of DRMS's grant of authority. 42 C.F.R. §51.21(vi). All work conducted pursuant to this contract will be executed under the supervision of the Director of MYJP who is an attorney. MYJP affirms that it carries liability insurance for all its employees and that MYJP's liability insurance will cover all MYJP work conducted pursuant to this contract. 42 C.F.R. §51.21(vii). MYJP attorneys, community advocates, and interns are trained to provide advocacy services to and to conduct full investigations on behalf of individuals with mental illness and other disabilities. MYJP attorneys, community advocates, and interns are trained to work with family members of clients served by DRMS where the clients are minors and legally competent and choose to involve the family member, or are legally incompetent and the legal guardians, conservators or other legal representatives are family members. 42 C.F.R. §51.21(viii)-(ix).

_____   6/18/09
Bear Atwood, Director        Date
Mississippi Youth Justice Project


_____   _____
Ann Maclaine, Interim Executive Director   Date
Disability Rights Mississippi

2

Amended Cooperative Agreement for DRMS and MYJP
Page 1 of 2

## AMENDED COOPERATIVE AGREEMENT

This is a contract between Disability Rights Mississippi (DRMS) formerly known as Mississippi Protection and Advocacy Systems, Inc., and the Mississippi Youth Justice Project, a project of the Southern Poverty Law Center (MYJP). This contract is intended to provide MYJP with access to detention centers, correctional and mental health facilities housing individuals with mental illness, developmental disabilities, and/or other disabilities under the age of 22. Pursuant to federal law and this agreement, MYJP will have all of the access rights and privileges afforded to DRMS, subject only to the limitations explained below.

1. Pursuant to 42 U.S.C. §10804(a)(1)(A-B), DRMS has the authority to contract with non-profit organizations that: 1) operate throughout the state of Mississippi; 2) are independent of any agency that provides treatment or services to individuals with disabilities; and 3) have the capacity to protect and advocate for the rights of individuals with disabilities. MYJP operates throughout the state of Mississippi, does not provide treatment services to individuals with disabilities, has demonstrated experience in working with individuals with mental illness, and has the capacity to protect and advocate for the rights of all individuals with disabilities.

2. Pursuant to the above and 42 C.F.R. §51.21(3)(i), MYJP is authorized to provide the following protection and advocacy services: to investigate incidents of abuse and neglect concerning individuals with mental illness, developmental disabilities, and/or other disabilities who are incarcerated at the Walnut Grove Youth Correctional Facility, any county jail, detention center or juvenile detention center housing children under the age of 22 and the Oakley Training School; to investigate incidents of abuse and neglect concerning individuals with mental illness, developmental disabilities, and/or other disabilities under the age of 21 committed to any facility operated by the Department of Mental Health, including, but not limited to the Mississippi Adolescent Center and the Specialized Treatment Facility; to investigate incidents of abuse and neglect concerning individuals with mental illness, developmental disabilities, and/or other disabilities who are placed at a private psychiatric residential treatment facility and/or acute psychiatric facility; to investigate incidents of abuse and neglect concerning individuals with mental illness, developmental disabilities, and/or other disabilities who are placed at a group home or therapeutic group home for children under the age of 21; and to monitor the above mentioned facilities for compliance with respect to the rights and safety of service recipients as outlined in 45 C.F.R. §1386.22(g) and 42 C.F.R. §51.42(c)(2).

3. Pursuant to 42 U.S.C. §10806, this contract authorizes MYJP to have access to all records of any person with a disability who resides in any facility in which MYJP conducts monitoring visits, as well as all facility records to which DRMS is authorized access.

1



Amended Cooperative Agreement for DRMS and MYJP
Page 2 of 2

4. MYJP is authorized to pursue administrative, legal and other appropriate remedies to ensure the protection of individuals with mental illness, developmental disabilities, and/or other disabilities in the above-mentioned facilities. MYJP will provide notice to DRMS before it initiates any formal legal action.

5. MYJP will establish a schedule of monitoring visits and will provide DRMS with a written report of each visit within one week of the visit.

6. Pursuant to 42 C.F.R. §51.21, MYJP affirms that: MYJP attorneys, community advocates, and interns routinely advocate for children with mental illness, developmental disabilities, and/or disabilities and their families and conduct investigations on their behalf. 42 C.F.R. §51.21(b)(3)(ii). In the course of monitoring and/or investigation, MYJP will conduct interviews with clients and facility staff and review the relevant records. 42 C.F.R. §51.21(b)(3)(iii). While there is no deadline for this contract, it may be cancelled by either party upon written notification of cancellation provided two weeks in advance. 42 C.F.R. §51.21(b)(3)(iv). MYJP will use its own resources to fulfill the contract and will not seek monetary support from DRMS. 42 C.F.R. §51.21(b)(3)(v).

7. MYJP will abide by the federal law that establishes DRMS and will meet all applicable terms and conditions of DRMS's grant of authority. 42 C.F.R. §51.21(vi). All work conducted pursuant to this contract will be executed under the supervision of Sheila Bedi, the Deputy Legal Director of the Southern Poverty Law Center who is an attorney. MYJP affirms that it carries liability insurance for all its employees and that MYJP's liability insurance will cover all MYJP work conducted pursuant to this contract. 42 C.F.R. §51.21(vii). MYJP attorneys, community advocates, and interns are trained to provide advocacy services to and to conduct full investigations on behalf of individuals with mental illness and other disabilities. MYJP attorneys, community advocates, and interns are trained to work with family members of clients served by DRMS where the clients are minors and legally competent and choose to involve the family member, or are legally incompetent and the legal guardians, conservators or other legal representatives are family members. 42 C.F.R. §51.21(viii)-(ix).

Sheila Bedi, Deputy Legal Director
Southern Poverty Law Center

4/16/10
Date

Ann Maclaine, Executive Director
Disability Rights Mississippi

4/16/10
Date

2