IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

D.W., by and through his next friend, )
Devonsha Fairley; K.V., by and through her )
next friend Sina Matheny; A.R., by and through )
her next friend Laura Reed; J.P., by and through )
his next friend Theresa Pope; A.B., by and through )
her next friend Bernadette Brossett; W.R. by and )
through his next friend, Calista Blackmon; on behalf of )
themselves and all persons similarly situated; )
MISSISSIPPI PROTECTION AND ADVOCACY )
SYSTEM, INC., )
                                               )
                    Plaintiffs,    )    Case No. 1:09 cv 267 LG-RHN
                                               )
HARRISON COUNTY, MISSISSIPPI,    )
                                               )
                    Defendant.    )

## AGREED ORDER

On April 20, 2009, Plaintiff Mississippi Protection and Advocacy (MPAS) filed this litigation against Harrison County seeking to enforce what it contends are its access rights to the Harrison County Juvenile Detention Center pursuant to the Protection and Advocacy for Individuals with Mental Illness Act of 1986 ("PAIMI Act"), 42 U.S.C. §§10801 et. seq.; the Developmental Disability Assistance and Bill of Rights Act of 2000 ("DD Act"), 42 U.S.C. §§15001, et. seq.; Protection and Advocacy of Individual Rights Program ("PAIR Act"), 29 U.S.C. §§794e, et. seq.

. After negotiation among the parties, the Defendant and the plaintiffs have agreed that the Court may order a tentative plan of access until the parties can further investigate this case, and attempt to negotiate a permanent resolution or obtain a ruling from the Court on any disputed


EXHIBIT A

issues, including any jurisdictional issues and any other defenses, which are preserved by the Defendant.

Accordingly, with the agreement of the parties and pending further order of the Court, it is hereby ordered that Harrison County shall:

1. Allow MPAS and/or its contractor (the Mississippi Youth Justice Project) to conduct confidential visits with any resident who requests a confidential visit, to determine whether that resident is eligible for MPAS services. MPAS will provide residents with instructions about how to request a confidential visit by announcing its presence in the facility during its monitoring visits.

2. Allow MPAS and/or its contractor to conduct confidential visits with any eligible resident who requests to speak with MPAS. MPAS will provide residents with instructions about how to request a confidential visit by announcing its presence in the facility during its monitoring visits.

3. Allow MPAS and/or its contractor to conduct confidential visits with any resident or who alleges that he or she may have knowledge of alleged abuse or neglect of any resident eligible for MPAS services.

4. Allow MPAS to establish a daily call in time between the hours of 4:00 p.m. and 9:00 p.m. daily. During this time residents shall have the opportunity to communicate confidentially with MPAS. The County shall insure that residents are informed of the call in time, and provide them with confidential access to the telephone. Allow any resident to contact MPAS and/or its contractor through confidential letters, and allow MPAS to prepare and post notices throughout the juvenile detention center, in the visitation room, and in the resident's living quarters, that inform residents of their rights to contact MPAS.

5. Allow access to all relevant records (including videos, incident reports, grievances, staff logs, personnel records excluding staff protected health information under HIPAA, population logs, recordings) upon the written request of MPAS when the MPAS believes there is probable cause to investigate a potential incident of abuse or neglect of eligible residents. MPAS agrees to obtain a valid release from the facility resident and his/her guardian before requesting that individual resident's medical, mental health, educational, or youth court records. The release MPAS obtains will include a provision that releases and holds harmless the County and the County's contractor for the release of the resident's records. However, releases shall not be required when MPAS requests facility records such as those enumerated in the first sentence of this paragraph, despite the fact that they may contain otherwise confidential information related to individual facility residents

6. Allow any resident to meet confidentially with any attorney or a member of the attorney's staff, who has a retainer agreement from the resident, or the resident's parent or guardian, authorizing the attorney to represent the resident regarding any legal matter, including, but not limited, to youth court matters or condition of confinement.

7. Allow MPAS and/or its contractor reasonable access to view and photograph all areas of the detention center that are used by residents or that might be accessible to them, however no photographs of any residents will be allowed unless MPAS obtains a valid release from the resident or the resident's guardian.

8. MPAS and its contractors will provide the Defendant and its contractor two (2) hours notice for confidential visits and tours. Record reviews will only occur during the facility's regular business hours.

SO ORDERED, this 11th day of June, 2009.

_____
UNITED STATES DISTRICT JUDGE

AGREED:

_____
Sheila A. Bedi
Vanessa Carroll
Counsel for Plaintiffs

_____
Kay Hardage
Counsel for Mississippi Protection and Advocacy

_____
Joseph Meadows
Counsel for Defendant