**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

| | |
|---|---|
| J.H., by and through his next friend, Terina Gray; on behalf of himself and all persons similarly situated, T.A., by and through his next friend, Alice Austin, on behalf of himself and all persons similarly situated, and DISABILITY RIGHTS MISSISSIPPI )))))))) | |
| Plaintiffs, ) | |
| v.  ) | Case No.  3:11-CV-327 DPJ-FKB |
| H<small>INDS</small> COUNTY, MISSISSIPPI, ) | |
| Defendant. ) | |

**PRELIMINARY INJUNCTION ORDER**

Having heard the testimony and documentary evidence offered by the parties with respect to Plaintiff Disability Rights Mississippi's ("DRMS") Motion for Preliminary Injunction [7], and the Motion for Declaratory Judgment [17] filed by Defendant Hinds County, Mississippi, the Courts finds that both Motions should be granted.

On June 6, 2011, Plaintiff DRMS filed this litigation against Hinds County seeking to enforce what it contends are its access rights to the Henley-Young Juvenile Justice Center ("Henley-Young") pursuant to the Protection and Advocacy for Individuals with Mental Illness Act of 1986 ("PAIMI Act"), 42 U.S.C. §§10801 et. seq.; the Developmental Disabilities Assistance and Bill of Rights Act of 2000 ("DD Act"), 42 U.S.C. §§ 15001, et. seq.; Protection and Advocacy of Individual Rights Program ("PAIR Act"), 29 U.S.C., §§794e, et. seq.

DRMS seeks to enforce its access rights to Henley-Young pursuant to the Protection and Advocacy for Individuals with Mental Illness Act of 1986 ("PAIMI Act"),

42 U.S.C. §§ 10801 et seq.; Protection and Advocacy of Individual Rights Programs ("PAIR Act"), 29 U.S.C. §§794e, et. seq., (Collectively referred to as the "P & A Acts") and all relevant implementing regulations. Accordingly, it is hereby ordered that the Defendant's agents and contractors shall:

1. Allow DRMS and/or its contractor (the Southern Poverty Law Center) to conduct confidential visits with any resident to determine whether that resident is eligible for DRMS services. Following the initial determination made by DRMS and/or SPLC, if necessary, Defendant's agents and contractors shall allow mental health professionals hired by DRMS and/or its contractor (the Southern Poverty Law Center) to conduct confidential visits with any resident to determine whether that resident is eligible for P&A services. DRMS will respect the right of any resident to terminate an interview at any time. 42 C.F.R. Sec. 51.42(c). An eligible resident is a resident who lives with a disability as defined by the P & A statutes. Finally, with permission from youth, DRMS/SPLC will provide the County with the names of youth who are determined to be eligible for services by a mental health professional.

2. Allow DRMS and/or its contractor (the Southern Poverty Law Center) to conduct confidential visits with any eligible resident who would like to speak with DRMS. 45 C.F.R. Sec. 1366.22(f)-(h); 42 C.F.R. 51.42(b)-(d).

3. Allow DRMS and/or its contractor to conduct confidential interviews with any resident or staff member or contractor who may have knowledge of abuse, neglect or other mistreatment of any resident eligible for DRMS

       services, when DRMS has either received a complaint or has probable cause to believe that residents are subject to abuse and neglect. The Defendant reserves the right to have an attorney present during interviews conducted with its staff and contractors. 45 C.F.R § 1386.22(f), 42 C.F.R § 51.42(b)(1).

4. Ensure that DRMS and its contractor have access to Henley-Young at reasonable times, which at a minimum shall include normal working hours and visiting hours, for the purpose of education and monitoring. 45 C.F.R. Sec. 1386.22(g). DRMS will conduct all monitoring and investigative activities so as to minimize interference with Henley-Young programs, respect residents' privacy interests, and honor a resident's right to terminate an interview. DRMS shall make every reasonable effort to provide 48 hours advance written notice to Henley-Young Administration of any requested visit to Henley-Young. The parties acknowledge that DRMS is the final arbiter of probable cause and shall not deny DRMS investigative access based on Henley-Young's determination that probable cause is insufficient. Notice shall not be required before DRMS is provided investigative access.

5. Allow any resident to contact DRMS and/or its contractor through confidential phone calls and letters, and allow DRMS or its contractor to prepare and place flyers in the Henley-Young lobby area, and to prepare and post notices in the Henley-Young visitation room, and in the residents' living areas that inform eligible residents of their rights to contact DRMS or its contractor in writing. Pursuant to 42 C.F.R. § 51.42 (c)(1), Henley-Young and its personnel shall allow DRMS to inform residents about their potential

3

rights to access DRMS services by making announcements in the living units about DRMS's services.

6. Allow access to all relevant records (including written or in another medium such as electronic files, photographs, or video or audio tape records) pertaining to an eligible resident upon the request of DRMS when DRMS believes there is probable cause to investigate a potential incident of abuse or neglect of an eligible resident. DRMS agrees to obtain a valid release from the facility resident and his/her legal guardian, conservator, or other legal representative before requesting that individual resident's medical, mental health, educational records in the custody or control of Henley-Young. 42 C.F.R. Sec. 51.41(b)(3) and 45 C.F.R. Sec. 1386.22(a)(3). However, releases shall not be required when DRMS requests facility records such as those enumerated in the first sentence of this paragraph, despite the fact that the record relevant to the eligible resident may also contain otherwise confidential information related to other individual facility residents. 42 U.S.C. § 10805(a)(4)(B)).

7. Allow DRMS and/or its contractor reasonable unaccompanied access to view and photograph all areas of the detention center that are used by residents or that might be accessible to them. 42 C.F.R. 5142(c)(3). DRMS agrees that absent written permission from a resident's guardian it will keep confidential any photographs that contain identifiable images of residents.

8. Ensure that no youth suffers retaliation or adverse treatment for exercising his or her right to meet with DRMS or participate in a DRMS investigation.

4

9. Allow non-attorney staff members of DRMS and/or its contractor to confidentially meet with eligible residents subject to the terms of this order.

10. Allow any resident to meet confidentially with any attorney or member of the attorney's staff when that attorney is retained by the resident or the resident's guardian to represent the resident in any legal matter including but not limited to youth court matters or conditions of confinement.

**SO ORDERED AND ADJUDGED** this the 12th day of September, 2011.

                                              s/ *Daniel P. Jordan III*
                                              UNITED STATES DISTRICT JUDGE