# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# JACKSON DIVISION

| | |
|---|---|
| J.H., by and through his next friend, Terina Gray, on behalf of himself and all persons similarly situated; T.A., by and through his next friend, Alice Austin, on behalf of himself and all persons similarly situated; and DISABILITY RIGHTS MISSISSIPPI, <br><br>　　　　　　Plaintiffs, <br>v. <br><br>HINDS COUNTY, MISSISSIPPI, <br><br>　　　　　　Defendant. | Case No. 3:11-CV-327 DPJ-FKB |

## PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL
## OF PROPOSED AGREEMENT, TO SET A DATE FOR A FAIRNESS HEARING, AND TO CERTIFY A SETTLEMENT CLASS

Pursuant to Federal Rule of Civil Procedure 23(e), the Plaintiffs move the Court to issue an Order approving the attached settlement agreement, certifying the class for settlement and monitoring purposes, and retaining jurisdiction of the agreement for enforcement purposes. In support of this motion the Plaintiffs[1] submit the following: 1) A proposed Agreement signed by the parties attached as Exhibit A. The parties intend for the court to retain jurisdiction over the Agreement for purposes of enforcement; 2) a proposed form of Class Notices, attached as Exhibit B, and 3) a proposed Order attached as Exhibit C.

In support of this motion, the Plaintiffs state the following:

---

[1] Plaintiffs have contacted Defendants and requested their consent to file this as a Joint Motion. Unfortunately, the Defendants have refused to respond to Plaintiffs' correspondence in a timely fashion, thus requiring the Plaintiffs to proceed with filing this motion.

1. On September 12, 2011, this Court entered a Preliminary Injunction Order that allowed Plaintiffs' counsel to regain access to the Henley-Young Juvenile Justice Center (Henley-Young) for monitoring purposes. The Defendant had allowed Plaintiffs to exercise Protection and Advocacy access authority for approximately two years prior to the filing of this action. In crafting this Settlement Agreement, the Parties were guided by information obtained from expert visits and debriefings and almost four years' worth of data regarding conditions inside of the facility. The Settlement Agreement requires Henley-Young to reform its practices and procedures to meet constitutional standards. The Settlement Agreement is the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, and does not improperly grant preferential treatment to class representatives or segments of the class, and falls within the range of possible relief. Preliminary approval of this agreement will spare both the Court and the parties from expensive and protracted litigation. *See Reed v. General Motors Corp.,* 703 F.2d 170, 172 (5th Cir. 1983).
2. The Settlement Agreement was not reached lightly and results from more than five formal negotiation sessions. Participating in the negotiations were attorneys for the County, the Hinds County Administrator, the director of Henley-Young, and Plaintiffs' counsel, who have spent countless hours inside of Henley-Young prior to, and since, filing this action.
3. The Proposed Settlement Agreement will spare the parties and the court from extensive litigation, and best serves the interests of the putative class.
4. The class affected by this Agreement is comprised of all children who are now or will in the future be committed to or detained at Henley-Young. The plaintiffs are in the process of informing current class members about the Settlement Agreement by meeting with individual class members, explaining the terms of the agreement, providing them with a form on which they may register any objections and providing class members with

assistance completing the form when necessary. The Plaintiffs have also drafted the attached notice that will inform future class members about their rights pursuant to this Settlement Agreement and have requested that the Defendants place the notice prominently throughout the facility.

5. The Plaintiffs respectfully request that the Court enter an Order setting a date for a fairness hearing and granting preliminary approval for this agreement pending the Court's final determination at the fairness hearing. It is the intent of the parties that this Honorable Court will retain jurisdiction of this matter for purposes of enforcing the Settlement Agreement and the Plaintiffs respectfully request an Order from this Court reflecting the same.

6. For these reasons, the Parties respectfully request that the Court enter an Order: 1) granting preliminary approval of the proposed Settlement Agreement; and 2) setting a date for a fairness hearing; 3) certifying the class for settlement and monitoring purposes; and 4) retaining jurisdiction for enforcement purposes.

Date: January 20, 2012

Respectfully submitted,

/s/ Corrie W. Cockrell, Miss. Bar No. 102376
Jody E. Owens, II Miss. Bar No. 102333
Sheila A. Bedi, Miss. Bar No. 101652
Mississippi Youth Justice Project
A Project of the Southern Poverty Law Center
921 N. President St. Suite B
Jackson, Mississippi 39202
601-948-8882 (phone)
601-948-8885 (fax)
Attorneys for Plaintiffs

Lisa M. Ross, Miss. Bar No. 9755
Lisa M. Ross, Esq.
514 E. Woodrow Wilson Avenue
Jackson, MS 39283


Crystal Martin, Miss. Bar No. 10860
Hinds County Board of Supervisors
Board Attorney
Post Office Box 686
Jackson, MS 39205-0686
<u>Attorneys for Defendant</u>