**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**J.H. AND**                                                                                   **PLAINTIFFS**
**DISABILITY RIGHTS MISSISSIPPI**

**V.**                                                         **CAUSE NO. 3:11-CV-327-DPJ-FKB**

**HINDS COUNTY, MISSISSIPPI**                                                          **DEFENDANTS**

**MEMORANDUM IN SUPPORT OF HINDS**
**COUNTY YOUTH COURT'S MOTION TO INTERVENE**

Pursuant to Federal Rule of Civil Procedure 24, the Hinds County Youth Court, (hereinafter "Youth Court") by and through their undersigned counsel, respectfully requests that this Court grant their Motion to Intervene as of right. In the alternative, Proposed-Defendant Intervenors request that this Court grant permissive intervention under Federal Rule of Civil Procedure 24(b)(1) & (2).

"On June 1, 2011, Plaintiffs filed suit challenging the conditions of confinement at Henley-Young Juvenile Justice Center ("Henley-Young")." Amended Consent Decree 1. The parties, without any admission on behalf of either, agreed that it was in the best interest of all parties to resolve this matter amicably. . ." *Id*. Thereafter, the parties negotiated a Consent Decree, which was entered in March 2012. It was extended in April 2014. The parties desired to extend the consent decree again, up to and including March 28, 2018.

On December 3, 2014, however, the Honorable Judge Skinner, pursuant to Miss. Code Ann. § 43-21-301, entered an Order prohibiting the Hinds County Board of Supervisors from authorizing anyone from executing any action in violation of the Order or in violation of State law.

1

Because the parties amended the Consent Decree, there is now a direct conflict between the Henley-Young Juvenile Justice Center and the Hinds County Youth Court. Due to the direct conflict, the Hinds County Youth Court should be allowed to intervene as a matter of right because they have "an interest relating to the property or transaction which is the subject of the action and the [Youth Court] is so situated that the disposition of the action [will] as a practical matter impair . . . the [Youth Court's] ability to protect their interest. Furthermore, the Youth Court's interest is not adequately represented by the existing parties.

Alternatively, the Youth Court should be granted permissive intervention because the Youth Court's "claim or defense and the main action have a question of law or fact in common". The Hinds County Youth Court also satisfies the requirements for permissive intervention as the Youth Court is a State governmental agency entrusted with the interpretation of statutes directly at issue in this action.

**A. Intervention as a Matter of Right**

Rule 24(a) of the Federal Rules of Civil Procedure govern intervention as a matter of right which provides that "[u]pon timely application anyone shall be permitted to intervene in an action ... when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties." *Ford v. City of Huntsville*, 242 F.3d 235, 239 (5th Cir. 2001), Fed. R. Civ. P. 24(a)(2).

A party seeking to intervene as of right must satisfy four requirements:

(1) The application must be timely; (2) the applicant must have an interest relating to the property or transaction that is the subject of the action; (3) the applicant must be

so situated that the disposition of the action may, as a practical matter, impair or impede its ability to protect its interest; and (4) the applicant's interest must be inadequately represented by the existing parties to the suit.

*Sierra Club v. Espy*, 18 F.3d 1202, 1204-05 (5th Cir. 1994)(citing *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 463 (5th Cir.) (en banc) (quoting *International Tank Terminals, Ltd. v. M/V Acadia Forest*, 579 F.2d 964, 967 (5th Cir. 1978)), cert denied, 469 U.S. 1019, 105 S.Ct. 434, 83 L.Ed.2d 360 (1984)).

I.   **Hinds County Youth Court's Proposed Intervention is Timely.**

The Hinds County Youth Court's Motion to Intervene is timely because the Court has not yet substantively and substantially engaged the issues in this litigation. Furthermore, intervention will not result in any prejudice to any other party.

The Court in *Stallworth v. Monsanto Co*. set forth four factors that must be considered when determining whether a motion to intervene is timely. Quoting the 5th Circuit directly, the timeliness analysis must consider:

**Factor 1**. The length of time during which the would-be intervenor actually or reasonably should have known of his interest in the case before he petitioned for leave to intervene.

**Factor 2**. The extent of prejudice that the existing parties to the litigation may suffer as a result of the would-be intervenor's failure to apply for intervention as soon as he actually knew or reasonably should have known of his interest in the case.

**Factor 3**. The extent of the prejudice that the would-be intervenor may suffer if his petition for leave to intervene is denied.

**Factor 4**. The existence of unusual circumstances militating either for or against a determination that the application is timely.

"Although these factors give structure to our timeliness analysis, we have explicitly observed that the timeliness analysis remains "contextual," and should not be used as a "tool of retribution to punish the tardy would-be intervenor, but rather [should serve as] a guard against prejudicing the original parties by the failure to apply sooner." *Ross v. Marshall*, 426 F.3d 745, 754 (5th Cir. 2005) (citing *Stallworth v. Monsanto Co.*, 558 F.2d 257 (5th Cir. 1977), and quoting *Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir. 1994)).

The Hinds County Youth Court filed their Motion to Intervene less than one month after the Amended Consent Decree was entered. The Amended Consent Decree was entered on March 25, 2016, and the Motion to Intervene was filed on April 15, 2016. None of the parties will be harmed by what is less than a 30-day "delay.

**II.  Hinds County Youth Court has a Substantial Interest in the Underlying Litigation**

The Proposed Intervenors have a protectable interest, which has been implicated by the entry of the Amended Consent Decree. This protectable interest does not have "to be of a legal nature identical to that of the claims asserted in the main action." *Diaz v. S. Drilling Corp.*, 427 F.2d 1118, 1124 (5th Cir. 1970). Indeed, "[a]ll that is required by the terms of the rule is an interest in . . . [the] rights that are at issue, provided the other elements of intervention are present." *Id.* Ultimately, "the interest 'test' is primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process." *Ross v. Marshall*, 426 F.3d 745, 757 (5th Cir. 2005).

The Hinds County Youth Court has a substantial interest in the underlying subject matter of the litigation, as the Amended Consent Decree entered into herein by the Hinds County Board of Supervisors, which allows the Henley Young Juvenile Justice Center to release juveniles without the Hinds County Youth Court's authority, is in violation of Mississippi Code Annotated Section

43-21-301 (4). Mississippi Code Annotated Section 43-21-301 (4) states in pertinent part "… the (youth court) judge or his designee may order orally, or in writing, the immediate release of any child in the custody of any person or agency."

The action sought by the Hinds County Board of Supervisors, whether by the Executive Director of the Hinds County Youth Detention Facility, the County Administrator or Board Attorney, is strictly prohibited by the laws of Mississippi. Said laws prohibit the Hinds County Board of Supervisors from executing any Order authorizing the release of any child from Hinds County Youth Detention Facility.

Here, the Proposed Defendant-Intervenors interest is to uphold Mississippi law, which gives the Youth Court Judge exclusive authority to detain and release juveniles. If the Hinds County Board of Supervisors or the Detention Center is authorized to release juveniles that directly and adversely impacts the statutory authority granted exclusively to the Youth Court.  Thus, their interest is therefore sufficient under *Diaz*.

### III. Hinds County Youth Court's Interests Will Be Impaired if Intervention is Denied.

The Hinds County Youth Court is "so situated that the disposition of the action may as a practical matter impair or impede [its] ability to protect [its] interest." Fed. R. Civ. P. 24(a)(2). The advisory committee notes to Rule 24(a) are instructive: "[i]f an absentee would be substantially affected in a practical sense by the determination made in an action, he should, as a general rule, be entitled to intervene." Fed. R. Civ. P. 24 advisory committee note to 1966 Amendment. To demonstrate "impairment," a prospective intervenor "must show only that impairment of its substantial legal interest *is possible* if intervention is denied." *Grutter v. Bollinger*, 188 F.3d 394, 399 (6th Cir. 1999) (citing *Mich. State AFL-CIO v. Miller*, 103 F.3d

1240, 1247 (6th Cir. 1997)) (emphasis added). "This burden is minimal." *See Grutter*, 188 F.3d at 399 (rejecting the notion that Rule 24(a)(2) requires a specific legal or equitable interest). There is no doubt that the relief granted in the Amended Consent Decree in this case—authorizing the Hinds County Board of Supervisors and the Detention Center to release juveniles -will directly impair the Proposed Defendant-Intervenors' interest.

Courts have recognized that parties seeking intervention would face a "practical disadvantage" in asserting their rights once a court has rendered a decision. *Chiles*, 865 F.2d at 1214. The Fifth Circuit has recognized that a prospective intervenor's interest may be practically "impaired by the *stare decisis* effect" of a court's rulings in subsequent proceedings. *Sierra Club*, 18 F.3d at 1207 (quoting *Ceres Gulf*, 957 F.2d at 1204) (italics in original); *see also Martin v. Travelers Indem. Co.*, 450 F.2d 542, 554 (5th Cir. 1971) ("[S]tare decisis . . . would loom large" in any attempt by prospective intervenors "to achieve a favorable resolution of the coverage issue" on their own.); *Black Fire Fighters Ass'n of Dallas v. City of Dallas*, 19 F.3d 992, 994 (5th Cir. 1994) (to the extent that a lawsuit involves common legal issues, potential adverse effects on the prospective intervenors favor intervention).

Mississippi Youth Courts have exclusive original jurisdiction over youth matters. Miss. Code Ann. § 43-21-153. "The Mississippi Youth Court Law, § 43-21-101, is designed to protect all of Mississippi's children in need who [,] because of their status [,] come within the jurisdiction of the Youth Court." It is the purpose of the Youth Court Law that "each child coming within the jurisdiction of the Youth Court shall receive such care, guidance and control . . . in the state's and that child's best interest." Miss. Code Ann. § 43-21-103.  The Youth Court's interest will be impaired if Intervention is denied.

### IV. Hinds County Youth Court's Substantial Interests Are Not Adequately Represented.

The existing parties to the litigation do not adequately protect the Hinds County Youth Court's interests. Moreover, the Hinds County Youth Court has a distinct interest in adhering to and acting in the best interests of the juveniles whom it seeks to serve and rehabilitate, as well as protecting the rights of those individuals.

The proposed intervener has the burden of showing that the parties to the lawsuit cannot adequately represent the movant's interest. *Hopwood v. Texas*, 21 F.3d 603, 605 (5th Cir. 1994). The United States Supreme Court has held, however, that the intervenor's burden of showing inadequate representation is only "minimal". *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10 (1972). In other words, the proposed intervenor must only show that the representation of his interest may be inadequate. *Id*.

The Fifth Circuit recognizes two presumptions regarding adequate representation. Edwards v. City of Houston, 78 F.3d 983 (5th Cir. 1996).

> First, there is a presumption that the government, when it is a litigant in a suit involving a matter of sovereign interest, will adequately represent the interests of all of its citizens. *Id.* (citing *Hopwood*, 21 F.3d at 605). To overcome this presumption, the applicant must show "that its interest is in fact different from that of the [governmental entity] and that the interest will not be represented by [it]." *Id.* (citing *Hopwood*, 21 F.3d at 605). The intervenor must point to specific interests that the government will not adequately represent. *Id.* The second presumption of adequate representation arises when the proposed intervenor has the same ultimate objective as a party to the lawsuit. *Id. See also Kneeland*, 806 F.2d at 1288. In such cases, the applicant for intervention must *26 show adversity of interest, collusion, or nonfeasance on the part of the existing party to overcome the presumption. *Edwards*, 78 F.3d at 1005.

United States of America, Plaintiff - Appellee, v. New Orleans City, Defendant - Appellee, v. Crescent City Lodge No. 2, Fraternal Order of Police, Incorporated; Walter Powers, Jr., Movant-Appellants., 2012 WL 6641249 (C.A.5), 25-26.

Hinds County Youth Court can overcome the first presumption because, even though Hinds County is a party, the Youth Court's interest in the litigation is in fact different from Hinds County's interest and thus the Youth Court's interest in the matter will not be adequately represented by the government.

Importantly, Hinds County Youth Court has a distinct and separate interest in this matter because only the Youth Court has a distinct interest in adhering to and acting in the best interests of the juveniles that come within its jurisdiction by seeking to serve and rehabilitate, as well as, protecting the rights of those individuals.

With regards to the second presumption, Hinds County Youth Court does not share the same ultimate objective as any of the other parties to the lawsuit. The Amended Consent Decree oversteps the boundaries created by State law and by Order of the Youth Court. In fact, the Amended Consent Decree explicitly allows orders that are strictly prohibited by the December 3, 2014 Youth Court Order.

### B. Permissive Intervention

"Intervention is permissible when: (1) the motion is timely, (2) a statute of the United States confers a conditional right to intervene, or (3) the movant's claim or defense and the main action have a question of law or fact in common." James v. Harris County Sheriff's Dept., 2005 WL 1878204 (citing *Graham v. Evangeline Parish School Bd.*, 132 Fed.Appx. 507, 199 Ed. Law Rep. 115). Permissive intervention is "wholly discretionary with the [district] court." *Id*. (citing *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.,* 732 F.2d 452, 471 (5th Cir.1984) (*en banc* ) (quoted with approval in *United States v. Texas Eastern Transmission Corp.,* 923 F.2d at 416). Furthermore, Rule 24(b)(2) allows "a federal or state governmental officer or agency to intervene if a party's claim or defense is based on: (1) a statute or executive order administered

8

by the officer or agency; or (2) any regulation, order, requirement, or agreement issued or made under the statute or executive order." Fed. R. Civ. P. 24(b)(2)(A), (B).

The Hinds County Youth Court also satisfies the requirements for permissive intervention as the Hinds County Youth Court is a State governmental agency entrusted with the interpretation of statutes directly at issue in this action.

### C. Conclusion

The Hinds County Youth Court should be allowed to intervene as a matter of right because they have "an interest relating to the property or transaction which is the subject of the action and the [Youth Court] is so situated that the disposition of the action [will] as a practical matter impair . . . the [Youth Court's] ability to protect their interest. Furthermore, the Youth Court's interest is not adequately represented by the existing parties. In the alternative, if the Court does not find that the Youth Court can intervene as a matter of right, the Court should allow for permissive intervention.

Respectfully submitted, this the 15th day of April, 2016.

HINDS COUNTY YOUTH COURT

BY:    /s/ Kelly G. Williams
Kelly G. Williams, MSB#: 102323
Hinds County Youth Court Attorney

### CERTIFICATE OF SERVICE

I hereby certify that the foregoing document has been filed with the Clerk of Court using the Court's ECF system and thereby served on all counsel of record who have entered their appearance in this action to date.

This the 15th day of April, 2016.

/s/ Kelly G. Williams

Kelly G. Williams

Case 3:11-cv-00327-DPJ-FKB Document 66 Filed 04/15/16 Page 10 of 10