IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

J.H. AND
DISABILITY RIGHTS MISSISSIPPI                                    PLAINTIFFS

V.                                                CAUSE NO. 3:11-CV-327-DPJ-FKB

HINDS COUNTY, MISSISSIPPI                                         DEFENDANT

STATE OF MISSISSIPPI

COUNTY OF HINDS

### AFFIDAVIT OF BRENDA FRELIX

**THIS DAY**, personally appeared before me, the undersigned authority at law for an in the jurisdiction aforesaid, the within named **BRENDA FRELIX**, who, having been by me fist duly sworn, stated on oath as follows:

1. That my name is Brenda Frelix, and I am an adult resident citizen of Hinds County. Mississippi. That I have never been convicted of a felony in any court and I am competent to execute this Affidavit.

2. That I am Licensed Professional Counselor and I am the Mental Health Program Administrator for the Henley-Young Juvenile Justice Center, 904 E. McDowell Road, Jackson, Mississippi.

3. That pursuant to the Amended Consent Decree herein, it is Henley-Young's objective to ensure that residents have access to adequate rehabilitative services. Henley-Young seeks to ensure

Exhibit "P"

that children placed in the facility post-disposition will receive constitutionally compliant rehabilitative services.

4. That residents in need of mental health and/or substance abuse treatment and/or who are in the facility post disposition should have appropriate treatment plans developed and implemented in accordance with generally accepted professional standards of practice for mental health and rehabilitative services and appropriate documentation shall be recorded by mental health staff providing mental health services.

5. That upon my arrival to Henley-Young almost three years ago, Angela Harvey with Hinds Behavioral Health Services and Jacqueline Boddy with Marion Counseling were the personnel, identified by Judge Skinner, as being responsible for providing mental health services to the residents of Henley-Young. However, what I soon discovered was their main job was to complete intake assessments for the residents that were referred from Youth Court.

6. That on several occasions, I would request Angela Harvey to conduct group sessions for the residents that were being detained at Henley-Young. That Jacqueline Boddy, from Marion Counseling, did not provide any services to the residents in detention. Subsequently, there was no consistency with conducting individual and groups with the residents.

7. That in numerous meetings with Judge Skinner, Judge Skinner would state that the two aforementioned agencies were providing mental health services to the residents. However, there was no documentation to show that the treatment was provided to residents in detention based on identified warning signs and there were no treatment plans available.

8. That in April of 2016, I met with Dr. Kathy Crockett and August Patton at Hinds Behavioral Health Services in order to implement individual, groups and other mental health services to the residents of Henley-Young pursuant to the Amended Consent Decree. This meeting was successful

and starting in May of 2016, group sessions were started for the residents of Henley-Young. The groups are held on Tuesday, Wednesday, Thursday and Saturday (starting in June 2016). The group sessions are held at 3:30 p.m.

9. In addition, it was also agreed that Angela Harvey would began conducting individual therapy sessions with the residents. Documentation is required to be completed after contact has been made with the resident. There are different types of documentation that are completed when residents are seen by a mental health professional. For example, intake assessments, initial screenings, progress notes (individual & group), and treatment plans.

10. That as of today, Hinds Behavioral Health and Marion Counseling have not provided any documentation on the residents here at Henley-Young. The lack of documentation and verification of services rendered substantially interferes with Henley-Young's ability to coordinate treatment, to develop effective treatment plans and to provide other mental health services to the residents that is required by the Amended Consent Decree herein.

**FURTHER AFFIANT SAYETH NOT.**

**WITNESS MY SIGNATURE**, this the 8 day of June, 2016.

_____
**BRENDA FRELIX**

**SWORN TO AND SUBSCRIBED BEFORE ME**, this the 8th day of June, 2016.

_____
NOTARY PUBLIC

MY COMMSSION EXPIRES:
_____

[Notary Seal: STATE OF MISSISSIPPI, NOTARY PUBLIC, ID # 94836, LINDA McFARLAND, Commission Expires Dec. 14, 2017, HINDS COUNTY]