**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

| | |
|---|---|
| J.H. AND<br>DISABILITY RIGHTS MISSISSIPPI,<br><br>Plaintiffs,<br><br>v.<br><br>HINDS COUNTY, MISSISSIPPI,<br><br>Defendant. | Civil Action No.<br>3:11-cv-327-DPJ-FKB<br><br>ORAL ARGUMENT<br>REQUESTED |

**PLAINTIFFS' MOTION FOR AN ORDER TO SHOW CAUSE WHY DEFENDANT SHOULD NOT BE HELD IN CONTEMPT**

Plaintiffs J.H. and Disability Rights Mississippi ("Henley-Young Plaintiffs") move for an Order to Show Cause Why Defendant, Hinds County Board of Supervisors ("Hinds County"), Should Not Be Held in Contempt of the Court's April 2, 2021 Order and Extended Third Amended Consent Decree.[1] This class action concerns the denial of the rights of children confined in Hinds County's youth detention facility, many of whom have disabilities and serious mental health care needs.[2] Henley-Young Plaintiffs are (1) a class of all children confined at Henley-Young Juvenile Justice Center ("Facility");[3] and (2) Disability Rights Mississippi.[4] In 2011, Henley-Young

---

[1] *See* Order Extending Third Amended Consent Decree ("Order"), Apr. 2, 2021, ECF No. 160; Ext. Third Am. Consent Decree ("Consent Decree"), Apr. 2, 2021, ECF No. 161.

[2] *See* Am. Compl., Jun. 6, 2011, ECF No. 6 at 14 (alleging that "[a] significant number" of facility residents "live with disabilities," and that "60–70% of youth in [] Henley-Young require mental health services").

[3] *See* Agreed Order Granting Approval of Settlement Agreement and Certifying a Settlement Class, Mar. 28, 2012, ECF No. 32 at 2 (defining the settlement class as "all children who are currently, or who will in the future be, confined" at Henley-Young).

[4] *See* Am. Compl., Jun. 6, 2011, ECF No. 6 at 12-14. Disability Rights Mississippi ("DRMS") is Mississippi's federally-designated Protection and Advocacy system and Henley-Young is a covered facility. 42 U.S.C. §§ 10801 *et seq.*; 42 U.S.C. §§ 15001 *et seq.*

Plaintiffs sued Hinds County alleging violations of residents' Eighth and Fourteenth Amendment rights and of federal laws protecting persons with disabilities.[5] Henley-Young Plaintiffs and Hinds County entered into a Consent Decree in March of 2012. It was extended in April of 2014; amended and extended in March of 2016; amended and extended in March of 2018; amended and extended in April of 2019; and extended in April 2021 for two years (*i.e.*, March 28, 2023).[6]

The parties agreed to an extension of the Third Amended Consent Decree after the October 2020 Joint Expert Report to the Court ("Report")[7] revealed that 35 out of 39 Consent Decree Provisions (nearly 90%) require corrective action where the Facility was "[w]ithout a fully functioning, comprehensive juvenile justice pre-and in-service training program" in violation of Provision 16.5.[8] Although the Report cited ongoing reviews as necessary to confirm and maintain constitutionally compliant conditions, Hinds County has completed only 3 of 39 Quality Assurance ("QA") reviews for Consent Decree Provisions since October 2021.[9] Most QA reviews are out of date (16 reviews in early/mid 2021; 14 reviews have not been updated since 2020; 1 review has not been updated since 2019).[10] There remain 7 Provisions for which no QA review has ever been completed (Provisions 1.3 (Prescription Medications), 5.1 (Residents Access to Adequate Rehabilitative Services), 5.3 and 5.4 (Treatment Plans), 13.2 (Residents and Psychotropic

---

[5] *Id*. at 19-21 (providing the causes of action, Counts I through V).

[6] The Extended Third Amended Consent Decree "includes a Corrective Action Plan ("CAP") that requires Defendants to engage Expert Anne Nelsen to provide technical assistance and verify implementation of all Consent Decree provisions at Henley-Young Juvenile Justice Center." Order, Apr. 2, 2021, ECF No. 161 at 1.

[7] Joint Expert Anne Nelsen's Report (Dated 10/21/2020), was submitted to the Court on Oct. 21, 2020.

[8] Third Am. Consent Decree, Apr. 3, 2019, ECF No. 145 at 18-19.

[9] *See* Provisions 20.4 (Measuring Progress) and 20.5 (Benchmark and Needs). Consent Decree at 23-24. Pursuant to the CAP, there have been no training updates to Table 2 (dated Jan. 11, 2022, and submitted to the Court) since 2020 because the extremely limited training offered by the Facility in February 2022, and throughout 2021, continues to be inadequate due to continued chronic vacancies and severe understaffing.

[10] *See id*.

2

Medications), 13.3 (Within 72 Hrs. of Admittance Complete an Individualized MH Treatment Plan), and 13.6 (Sufficient Psychiatric Services)).[11] Additionally, the substantial risk of serious harm to children increases where residents are not receiving the full scope of integrated support in violation of Provisions 5.1-5.6 (Individualized Treatment Plans/Programs), 12.1-12.6 (Medical Care), 13.1-13.6 (Mental Health Care), and 14.1-14.3 (Suicide Prevention).[12]

Since September 2017, the Facility has housed children who are members of the Plaintiffs' class in *United States v. Hinds Cnty.,* No. 3:16-cv-489- CWR-RHWR (S.D. Miss., June 23, 2016) ("DOJ Case").[13] Since the extension of the Consent Decree in April 2021, and despite two Court Orders to the contrary, *see* ECF No. 161 and ECF No. 165, Hinds County has repeatedly violated the 21-day-cap as recommended by the Court Appointed Monitor and adopted by the Board of Supervisors[14] and has repeatedly asserted that the 32-resident cap should not apply to JCAs.[15]

Hinds County has also failed to implement required programming and integrate behavior management with medical/mental health treatment. Henley-Young Plaintiffs move for contempt.

In support of this Motion, Henley-Young Plaintiffs state as follows:

1. Defendant has failed to implement mandated training as required by the Consent Decree, rendering the internal QA review process incomplete as well. *See* notes 6-11, *supra*.

2. Defendant increases the risk of serious harm where cell confinement is used for punishment, and understaffing limits structured/rehabilitative programming and coordinated medical/mental health services. *See* Facility Reports (redacted), attached as Exhibits A-1 to A-7.

---

[11] *See id.*

[12] *See id.* at 8-9, 13-17.

[13] Plaintiffs in the DOJ Case are also referred to as juveniles charged as adults ("JCAs").

[14] *See* Facility Update/Technical Assistance Report, Nov. 24, 2014, ECF No. 57. The Hinds County Board of Supervisors Resolution is incorporated in Consent Decree Provision 2.1. *See* Consent Decree at 5-6.

[15] *See* Defendant's Response to Plaintiffs' Motion to Clarify, Jul. 18, 2021, ECF No. 164.

3. Defendant fails to protect Plaintiffs from risk of serious harm and some incidents, including Prison Rape Elimination Act (PREA) violations, continue to be revealed through other sources.[16] Additionally, the Facility fails to provide requested information post-incident, including full investigations (for example, the document request of Joint Expert Anne Nelsen regarding the October 2021 PREA incident, in addition to other serious incidents, remains outstanding).

4. Rosters in 2021 (June, July, December) and 2022 (January, February) confirm Hinds County's violation of Court Orders,[17] in addition to email correspondence between the parties. *See* Facility Rosters (redacted), attached as Exhibits B-1 to B-10; Emails Between the Parties, re: ETACD Violations (redacted), attached as Exhibits C-1 to C-5.

WHEREFORE, Henley-Young Plaintiffs respectfully request that the Court Order Hinds County to Show Cause Why They Should Not Be Held in Contempt of the Extended Third Amended Consent Decree, and for any additional relief that the Court deems necessary and proper.

Dated: March 18, 2022

Respectfully Submitted,

| | |
|---|---|
| /s/ Leslie Faith Jones | /s/ Greta Kemp Martin |
| Leslie Faith Jones, MSB No. 106092 | Greta Kemp Martin |
| Keisha Stokes-Hough, MSB No. 103717 | Counsel for the Plaintiffs |
| Counsel for the Plaintiffs | Mississippi Bar No. 103672 |
| Southern Poverty Law Center | Disability Rights Mississippi |
| 111 East Capitol Street, Suite 280 | 5 Old River Place, Suite 101 |
| Jackson, Mississippi 39201 | Jackson, Mississippi 39202 |
| Phone: (601) 948-8882 | Phone: (601) 968-0600 |
| Facsimile: (601) 948-8885 | Facsimile: (601) 968-0665 |
| E-mail: leslie.jones@splcenter.org | E-mail: gmartin@drms.ms |
| Email: keisha.stokeshough@splcenter.org | |

---

[16] In October 2021, Plaintiffs learned of an incident involving a JCA from a news report about the teacher's arrest and detention. *See* Maggie Wade, *JPS teacher at Henley, Young Youth Court School arrested: Wade Jackson is charged with gratification of lust and contraband in a penal institution*, WLBT (Oct. 27, 2021), https://www.wlbt.com/2021/10/28/jps-teacher-henley-young-youth-court-school-arrested.

[17] Order, Apr. 2, 2021, ECF No. 161 and Order, Aug. 16, 2021, ECF No. 165.

## **CERTIFICATE OF SERVICE**

I, Leslie Faith Jones, hereby certify that a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by email to all parties by the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

This the 18th day of March, 2022.

/s/ Leslie Faith Jones
Leslie Faith Jones, MSB #106092