# Exhibit C-5

# Def Email to Pls
# dated Feb. 8, 2022

# Leslie Faith Jones

| | |
|---|---|
| **From:** | Tony Gaylor <tgaylor@co.hinds.ms.us> |
| **Sent:** | Tuesday, February 8, 2022 1:51 PM |
| **To:** | Leslie Faith Jones; Tony Gaylor |
| **Cc:** | Keisha Stokes-Hough; Greta Martin; Carlyn M. Hicks; Marshand Crisler; Nick Morisani (3351) |
| **Subject:** | Re: HYJJC - ETACD Violations |

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Attorney Jones,

You have outlined the dilemma with compliance with the Consent Decree as it is currently written. If a Juvenile Charged as an Adult comes into the custody of Hinds County, they have to be admitted to Henley Young. Otherwise, Hinds County is in violation of its other consent decree by housing that juvenile with the adult population in Raymond. Obviously, you are aware that Hinds County is seeking to terminate and/or modify the consent decree imposed upon Henley Young as it is no longer a workable agreement since the parties agreed to house Juveniles Charged as Adults at Henley Young. I'm sure that you are aware of the rise in murders and violent crimes in Hinds County. I am sure that you have been made aware that a large portion of those crimes are alleged to have been committed by juveniles. You should also know that Henley Young can accommodate a population twice the size of the artificial cap placed on the facility by the consent decree. Hinds County finds itself in a no win situation as a result of the lack of forethought by the previous creators of this consent decree. Surely, they should have known that we would reach this point at some point.

If you have suggestions that would resolve this problem, please feel free to let us know. Otherwise, we will be making our case to the Court.

Thank you,

Please "cc" my assistant on all correspondence: lmoore@co.hinds.ms.us.

*Tony Gaylor*
**Board Attorney**
**Hinds County Board of Supervisors**
Post Office Box 686
Jackson, MS 39205-0686
(601) 968-6797
(601) 968-1003 facsimile
Email: tgaylor@co.hinds.ms.us



This E-mail may contain legally privileged and/or confidential information intended only for the individual or entity named in the message. If the reader of this message is not the intended recipient, or the agent responsible to deliver it to the intended recipient, you are hereby notified that any review, dissemination, distribution or copying of this communication is prohibited. If this communication was received in error, please notify us by reply E-mail and delete the original message.

**From:** Leslie Faith Jones <leslie.jones@splcenter.org>
**Sent:** Tuesday, February 8, 2022 12:09 PM
**To:** Tony Gaylor <tgaylor@co.hinds.ms.us>; Tony Gaylor <tgaylor@cglawpartners.com>
**Cc:** Keisha Stokes-Hough <keisha.stokeshough@splcenter.org>; Greta Martin <gmartin@drms.ms>
**Subject:** HYJJC - ETACD Violations

Good Afternoon Mr. Gaylor,

Attached, please find yesterday's Roster for a population in excess of 32 residents at Henley Young Juvenile Justice Center. We received this Roster from the facility on February 7, 2022.

As per the final paragraph in the attached August 16, 2021, Order, signed by Judge Jordan, "[t]he overall 32-resident cap includes all youth confined at Henley-Young, including JCAs."

Provision 1.1., in pertinent part, states:

- Additionally, the parties agree that Provision 1.1 implicitly necessitates Henley-Young
- to require a valid MYCIDS order before a youth can be admitted. The parties also agree
- that Provision 1.1 implicitly prohibits Henley-Young from admitting a status offender
- to Henley-Young without full compliance with the Mississippi Code. The parties agree
- that, in the absence of a valid MYCIDS order and full compliance with the
- Mississippi Code, a youth cannot be admitted to Henley-Young, and that such
- youth's admission must be denied.

It is unclear whether the requirements outlined in the Mississippi Code were followed, and if the County is in compliance with Provision 1.1.

We appreciate your prompt attention and response to this violation, and potential violation, of the Extended Third Amended Consent Decree in *J.H., et al. v. Hinds Co., et al.*, 3:11-cv-327-DPJ-FKB.

Regards,
Leslie Faith Jones



**Leslie Faith Jones**  she/her/hers
Senior Staff Attorney  |  Criminal Justice Reform
Southern Poverty Law Center
C 601.317.7519
leslie.jones@splcenter.org  |  www.splcenter.org
Admitted in Mississippi, Pennsylvania, New York

This e-mail and any attachments are confidential and may be protected by legal privilege. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of this e-mail or any attachment is prohibited. If you have received this e-mail in error, please notify The Southern Poverty Law Center immediately by returning it to the sender and delete this copy from your system. Thank you for your cooperation.

This E-mail may contain legally privileged and/or confidential information intended only for the individual or entity named in the message. If the reader of this message is not the intended recipient, or the agent responsible to deliver it to the intended recipient, you are hereby notified that any review, dissemination, distribution or copying of this communication is prohibited. If this communication was received in error, please notify us by reply E-mail and delete the original message.

This E-mail may contain legally privileged and/or confidential information intended only for the individual or entity named in the message. If the reader of this message is not the intended recipient, or the agent responsible to deliver it to the intended recipient, you are hereby notified that any review, dissemination, distribution or copying of this communication is prohibited. If this communication was received in error, please notify us by reply E-mail and delete the original message.

# HENLEY-YOUNG JUVENILE JUSTICE CENTER
## Daily Roster - Youth Court Residents

Date: 2/7/22

| # | D.O.B | Name (Boys)/Size List | Locker | Room | Original Detain Date | Detain Time | Charge(s) | DYS | YSS | Detention Hearing | Returned from | Release Date | Release Time | Released To: | Disposition |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | ■ | ■ | ■ | ■ | 1/21/2022 | 1806 | ■ | ■ | | 24-Jan | | | | | 16 |
| 2 | ■ | ■ | ■ | ■ | 1/25/2022 | 0927 | ■ | ■ | | 26-Jan | | | | | 12 |
| 3 | ■ | ■ | ■ | ■ | 1/30/2022 | 1830 | | ■ | | 2/2/2022 | | | | | 7 |
| 4 | ■ | ■ | ■ | ■ | 2/1/2022 | 1302 | ■ | ■ | | 2/3/2022 | | | | | 6 |
| 5 | | | | | 2/7/2022 | | | | | | | | | | 0 |
| 6 | | | | | 2/7/2022 | | | | | | | | | | 0 |
| 7 | | | | | 2/7/2022 | | | | | | | | | | |
| 8 | | | | | 2/8/2022 | | | | | | | | | | |
| 9 | | | | | 2/9/2022 | | | | | | | | | | |
| 10 | | | | | 2/10/2022 | | | | | | | | | | |
| 11 | | | | | 2/11/2022 | | | | | | | | | | |
| 12 | | | | | 2/12/2022 | | | | | | | | | | |
| 13 | | | | | 2/13/2022 | | | | | | | | | | |
| 14 | | | | | 2/14/2022 | | | | | | | | | | |
| 15 | | | | | 2/15/2022 | | | | | | | | | | |
| 16 | | | | | 2/16/2022 | | | | | | | | | | |
| 17 | | | | | 2/17/2022 | | | | | | | | | | |
| 18 | | | | | 2/18/2022 | | | | | | | | | | |
| 19 | | | | | 2/19/2022 | | | | | | | | | | |
| 20 | | | | | 2/20/2022 | | | | | | | | | | |
| 1 | ■ | ■ | ■ | ■ | 2/4/2022 | 0015 | | ■ | | | | | | | 3 |
| 2 | | | | | 2/7/2022 | | | | | | | | | | |
| 3 | | | | | 2/7/2022 | | | | | | | | | | |
| 4 | | | | | 2/7/2022 | | | | | | | | | | |
| 5 | | | | | 2/8/2022 | | | | | | | | | | |
| 6 | | | | | 2/9/2022 | | | | | | | | | | |
| 7 | | | | | 2/10/2022 | | | | | | | | | | |
| 8 | | | | | 2/11/2022 | | | | | | | | | | |
| 9 | | | | | 2/12/2022 | | | | | | | | | | |



JCA (Juveniles Charged as Adults)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

J.H. AND DISABILITY RIGHTS  PLAINTIFFS
MISSISSIPPI

V.  CIVIL ACTION NO. 3:11-CV-327-DPJ-FKB

HINDS COUNTY, MISSISSIPPI  DEFENDANT

ORDER

This § 1983 case was filed in 2011 by a group of plaintiffs challenging the conditions of confinement in the Henley-Young Juvenile Justice Center. The parties ultimately settled their dispute, and they have been working together under a series of consent decrees since March 2012. Plaintiffs now seek clarification of certain provisions of the current order, the Extended Third Amended Consent Decree. Mot. [163]. Defendant Hinds County, Mississippi, likewise requests clarification. *See* Resp. [164] at 4.

Prior to September 2017, Henley-Young housed only youth under the jurisdiction of the Youth Court. But since September 2017, Henley-Young has also housed juveniles charged as adults (JCAs) in pre-trial detention. The parties agree that all juveniles housed at Henley-Young fall within the Extended Third Amended Consent Decree's definition of "youth," which "refers to individuals confined at Henley-Young." Extended 3d Am. Consent Decree [161] at 2. Their disagreement concerns the application of paragraph 2.1 of the Extended Third Amended Consent Decree to JCAs. That paragraph provides in pertinent part:

> [T]he parties agree that Provision 2.1 necessarily requires Henley-Young to discharge youth under youth court jurisdiction on or before his/her 21st day at Henley-Young. The parties agree that henceforth the 21 day time limit requiring discharge and refusal of admission of youth will not apply to juveniles charged as adults. . . . The parties further agree that Provision 2.1 necessarily requires Henley-Young to adhere to the monitor's recommended 32-resident capacity limit on average daily population, and that Henley-Young cannot exceed an average

daily population of 32 residents, and that any admission that would require an [average daily population] in excess of 32 residents must be denied.

*Id.* ¶ 2.1.

Plaintiffs ask the Court to clarify "that (1) all youth confined at Henley-Young, including JCAs, are subject to and protected by this Consent Decree; (2) the 32-resident cap applies to JCAs; and (3) the County is in violation of this Consent Decree when it houses children under Youth Court jurisdiction beyond the 21-day limit." Mot. [163] at 4.

Defendant does not dispute Plaintiffs' construction as to its first and third requests. But as to the second, Defendant "respectfully requests that this Court clarify that the 32[-]resident limit at the Henley-Young facility does not apply to its JCA population." Resp. [164] at 4. Defendant explains:

> The "32 person cap" under the consent decree in the instant case was appropriate for juveniles under the jurisdiction of the youth court for a myriad of reasons. However, it is obvious that this limit cannot reasonably apply to the JCA population as the [d]efendant has no ability to determine how many juveniles charged criminally as adults will be admitted into Henley-Young nor whether their cases will move expeditiously through the judicial system. With the recent rise in violent crime, the bottleneck of cases that exist within the Hinds County judicial system resulting partially because of the pandemic[,] and the high bonds administered by Hinds County judges, it is likely that the population of JCAs housed at Henley-Young will exceed 32 residents.

*Id.* at 3.

Defendant makes some legitimate points, but the parties crafted this document, and the Court must construe the words they chose. *See Frew v. Janek*, 780 F.3d 320, 327 (5th Cir. 2015) ("Consent decrees are construed according to 'general principles of contract interpretation.'" (quoting *Dean v. City of Shreveport*, 438 F.3d 448, 460 (5th Cir. 2006))); *Bay Point High & Dry, Inc. v. Gore Brennan*, No. 1:06-CV-178-LG-JMR, 2007 WL 2908637, at *2 (S.D. Miss. Oct. 3, 2007) ("[Mississippi] law requires this Court to accept the plain meaning of a contract as the intent of the parties where no ambiguity exists. In other words, legal purpose or intent should

first be sought in an objective reading of the words employed in the contract . . . .") (quoting *A & F Props. Inc. v. Madison Cnty. Bd. of Supervisors*, 933 So. 2d 296, 301 (Miss. 2006))). And those words clearly place an overall cap on the average daily population of 32 residents, as opposed to a limit to the number of residents under Youth Court jurisdiction. *See* Extended 3d Am. Consent Decree [161] ¶ 2.1 ("The parties agree . . . that Henley-Young cannot exceed an average daily population of 32 residents . . . .").

That said, Defendant is not without recourse. If the landscape regarding the volume of JCAs Henley-Young is required to accept has changed such that the 32-resident limit is no longer feasible or appropriate, Defendant may move to modify the Extended Third Amended Consent Decree. Plaintiffs would then have a full opportunity to respond, and the Court could hear from the Court-appointed monitor on any proposed changes.

For now, Plaintiffs' Motion for Clarification [163] is granted. All youth confined at Henley-Young, including the JCAs, are subject to and protected by the Extended Third Amended Consent Decree. The overall 32-resident cap includes all youth confined at Henley-Young, including JCAs. And Defendant is in violation of the Extended Third Amended Consent Decree if and when it houses children under Youth Court jurisdiction beyond the 21-day limit set forth in paragraph 2.1.

**SO ORDERED AND ADJUDGED** this the 16th day of August, 2021.

               s/ *Daniel P. Jordan III*
               CHIEF UNITED STATES DISTRICT JUDGE