IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

J.H. ET AL.                                                                                                PLAINTIFF

VS.                                                                                        NO. 3:11-CV-327-DPJ-FKB

HINDS COUNTY, ET AL.                                                                          DEFENDANTS

## DECLARATION OF MARSHAND K. CRISLER

Pursuant to 28 U.S.C. § 1746, I, Marshand Crisler, state as follows:

1. I am over twenty-one (21) years of age and have personal knowledge of the information provided herein.

2. I serve as the Executive Director of the Henley-Young-Patton Juvenile Justice Center ("Henley-Young") in Hinds County, Mississippi ("the County").

3. Henley Young detains juveniles charged with misdemeanor crimes and subject to the jurisdiction of the County's Youth Court. When the original consent decree was entered in March 2012, these were the only juveniles detained at Henley Young. In September 2017, the County began having to detain those juveniles being charged as adults at Henley Young as a result of ongoing litigation between the County and the Department of Justice over conditions at Raymond Detention Center. Detaining juveniles charged as adults at Henley Young has created various challenges, including significantly increasing the overall number of detainees being detained at Henley Young.

4. Based on its design, Henley Young has enough beds to detain up to 80 juvenile detainees, one detainee per cell. Thus, so long as the 32-detainee limit remains in place, that leaves 48 out of the 80 available beds sitting empty every day at Henley Young. Yet, youth in the "free

world" throughout the County continue to commit crimes that are serious enough to cause those juveniles be charged as adults.

5. Making the 32-detainee limit even more problematic, the limit was put in place prior to juveniles charged as adults being detained at Henley Young. Worse, in my experience and based on my own perception, juvenile detainees are increasingly committing crimes in groups, thus requiring more than one juvenile to be detained when a crime is committed. Juveniles charged as adults can be highly dangerous, and they must be detained for the safety of the public, yet the 32-detainee limit has placed significant pressure on Henley Young and its administration.

6. Aside from the 32-detainee limit, in my experience and based on my perception as Executive Director, each of the problematic issues related to the County's Youth Court that were included in the consent decree have been addressed and resolved by the County.

7. I declare under the penalties of perjury that the foregoing information is true and correct to the best of my knowledge.

EXECUTED on this the 18th day of March, 2022.

_____
Marshand K. Crisler, Executive Director