UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| J.H. AND<br>DISABILITY RIGHTS MISSISSIPPI,<br><br>    Plaintiffs,<br><br>          v.<br><br>HINDS COUNTY, MISSISSIPPI,<br><br>    Defendant. | Civil Action No.<br>3:11-cv-327-DPJ-FKB |

**PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF ITS URGENT AND
NECESSITOUS MOTION TO POSTPONE STAY AND FOR ACCESS**

## **TABLE OF CONTENTS**

INTRODUCTION ........................................................................................................................... 1

BACKGROUND ............................................................................................................................ 3

ANALYSIS...................................................................................................................................... 7

    I.    Hinds County's Motion for Termination is Premature ....................................................... 7

    II.   Even if Timely, Court Should Postpone the Automatic Stay Invoked by Hinds County's Motion to Terminate as Good Cause Exists................................................................................. 9

    III.  Concerning a Motion for Termination, Court Benefits from Ordering Hinds County to Allow Joint Expert Access as Scheduled. .................................................................................... 11

CONCLUSION............................................................................................................................ 12

Plaintiffs J.H. and Disability Rights Mississippi ("Henley-Young Plaintiffs") respectfully submit this memorandum in support of its Urgent and Necessitous Motion to Postpone Stay and For Access ("Motion)." ECF No. 179.

## INTRODUCTION

The Extended Third Amended Consent Decree ("Consent Decree") was entered by the Court on April 2, 2021.[1] Less than two years ago, the parties reaffirmed the Consent Decree's provisions as necessary to remedy ongoing violations of the federal rights of vulnerable and disabled children by extending all its terms for an additional two years. *Id*. Hinds County "acknowledge[d] that more time is necessary to reach substantial compliance in all areas governed by the Consent Decree." Order, Apr. 2, 2021, ECF No. 161 at 1.

Each time this agreement between the parties was extended, and/or amended and extended, Henley-Young Plaintiffs and Hinds County stipulated that (1) "the remedies contained in this document are necessary to correct an ongoing violation of a federal right, extend no further than necessary to correct the violation of federal right, and that the prospective relief is narrowly drawn and is the least intrusive means to correct the violations;" and (2) "the Court will retain ongoing jurisdiction over this [agreement] for purposes of enforcement, pursuant to the terms of the Prison Litigation Reform Act."[2] Consent Decree at ¶¶ 3-4. In 2021, the parties again agreed that "[a]ll

---

[1] The Extended Third Amended Consent Decree "includes a Corrective Action Plan ("CAP") that requires Defendants to engage Expert Anne Nelsen to provide technical assistance and verify implementation of all Consent Decree provisions at Henley-Young Juvenile Justice Center." Order, Apr. 2, 2021, ECF No. 161 at 1.

[2] Consent decrees which remedy constitutional violations in conditions cases must comply with the Prison Litigation Reform Act (PLRA). *See* 18 U.S.C. § 3626 (a)(1)(A); *see also Ruiz v. Estelle*, 161 F.3d 814, 817 (5th Cir. 1998). The Consent Decree's provisions comply with the PLRA because they remain necessary to remedy ongoing violations of the federal rights of vulnerable and disabled children detained at the Facility.

1

provisions of this Extended Third Amended Consent Decree shall be interpreted to be consistent with this intent." *Id*. at ¶ 3.

Since the extension of the Consent Decree in April 2021, continued understaffing and chronic staff turnover[3] has adversely impacted Hinds County's progress. Nonetheless, Defendant filed its Motion to Terminate, or, Alternatively, Modify, the Extended Third Amended Consent Decree[4] and accompanying Memorandum[5] pursuant to the Prison Litigation Reform Act (PLRA), 18 U.S.C. § 3626, which makes the Consent Decree terminable unless the Court "makes written findings based on the record that [the] prospective relief remains necessary to correct a current and ongoing violation of the Federal right, extends no further than necessary to correct the violation of the Federal right, and that the prospective relief is narrowly drawn and the least intrusive means to correct the violation." *Id*. § 3626(b)(3). Defendant also argued, in the alternative, that two particular portions of the Consent Decree should be modified – the Corrective Action Plan ("CAP") and the 32-resident limit – pursuant to 18 U.S.C. §§ 3626(b)(3), 3626(b)(4) and Federal Rule of Civil Procedure 60(b)(5).

The Court should grant Henley-Young Plaintiffs' Motion because (1); the Consent Decree is an unexpired and valid court order which requires implementation and sustained substantial compliance for Defendant to fulfill its constitutional obligations to the youth of Hinds County. *see*

---

[3] Facility Director Fernandeis Frazier resigned on January 3, 2022, following a weekend in which several residents attempted self-harm (according to Facility incident reports). Former Interim Hinds County Sheriff Marshand Crisler was appointed Interim Director of the Facility by the Hinds County on January 4, 2022. *See* Anthony Warren, *Former sheriff to be interim director of Henley-Young Juvenile Justice Center*, WLBT (Jan. 4, 2022); https://www.wlbt.com/2022/01/04/former-sheriff-be-interim-director-henley-young-juvenile-justice-center.

[4] Defendant's Motion to Terminate, or, Alternatively, Modify, the Extended Third Amended Consent Decree ("Defendant's Motion"), ECF No. 173.

[5] Defendant's Memorandum of Law in Support of Motion to Terminate, or, Alternatively, Modify, the Extended Third Amended Consent Decree ("Defendant's Memo"), ECF No. 174.

Order, Apr. 2, 2021, ECF No. 161; (2) the Consent Decree's provisions designed to remedy these "current and ongoing" constitutional violations comply with the PLRA's requirement that they remain "necessary" and are "narrowly drawn and the least intrusive means" to protect the Plaintiffs. 18 U.S.C. § 3626(b)(3); and (3) Hinds County continues to expose vulnerable and disabled children to a substantial risk of serious harm in violation of their federal rights. Henley-Young Plaintiffs' Motion should be granted.

Additionally, where Hinds County seeks to unilaterally eliminate both the CAP and the 32-resident limit, the Court should grant Henley-Young Plaintiffs' Motion where the Facility Roster for April 18, 2022, has a resident population exceeding 32 children in violation of the Consent Decree, *see* Facility Roster (redacted), ECF No. 179-1; and Defendant has canceled next week's scheduled site visit for Joint Expert Anne Nelsen. *See* Defendant's Email Canceling Site Visit, ECF No. 179-1. Moreover, as of April 13, 2022, Ms. Nelsen may now potentially serve as the only monitor to assess Hinds County's current compliance with an unexpired Court Order currently in effect. *See United States v. Hinds Cnty.*, 3:16-CV-489, slip op. at 47 (S.D. Miss. Apr. 13, 2022) ("this entire [JCA] section is deleted").

The unexpired Consent Decree's provisions comply with the PLRA because they remain necessary to remedy ongoing violations of the federal rights of vulnerable and disabled children in the custody of Hinds County. Henley-Young Plaintiffs' Motion should be granted

**BACKGROUND**

In 2019, the parties agreed to engage in more targeted technical assistance through a Corrective Action Plan ("CAP"), whereby Hinds County engaged Joint Expert Anne Nelsen to verify implementation of all Consent Decree provisions in timed phases. *See* Provisions 17.1-17.7 (Independent Monitor), Consent Decree at 18-20; Provisions 20.1-20.10 (2019-2023 Corrective

Action Plan), Consent Decree at 23-26. Because the County made so little progress in the first year of the pandemic, the parties agreed to extend the CAP in April 2021.

As an initial matter, Hinds County admits that Henley-Young Plaintiffs' "effort to have the County held in contempt is premature based on the undisputed fact that the deadline for compliance with the Consent Decree was extended to March 2023." Defendant's Memo, ECF No. 176 at 1. Where the finding for contempt is "premature," then the need to postpone the PLRA automatic stay provision, pursuant to 18 U.S.C. §3626(e)(3) and for Joint Expert Anne Nelsen's access to the Henley Young Facility April 26-29, 2022, for a pre-scheduled site visit, pursuant to the Consent Decree's Corrective Action Plan ("CAP") is "premature" as well.

Even if Hinds County did not repeatedly cite the need for more time to comply with the orders of the Court in Defendant's Memorandum of Law in Opposition to Plaintiffs' Order to Show Cause Why Defendant Should Not Be Held in Contempt of the Court's April 2, 2021 Order and Extended Third Amended Consent Decree ("Defendant's Memo Opposing Order to Show Cause"), *see* ECF No. 176, Defendant's unilateral decision that the CAP is now moot after it unilaterally ceased to participate in Progress Calls (by redefining the term "parties" in the Consent Decree to exclude Henley-Young Plaintiffs)[6] and canceling the Joint Expert's site visit is disingenuous when Hinds County contends that Henley-Young Plaintiffs "allege[] incidents yet fail to include underlying documentation related to the alleged incident," while also limiting access

---

[6] On April 20, 2022, Hinds County filed a Memorandum in Opposition to Plaintiffs' Motion for Clarification, or, Alternatively, A Status Conference. ECF No. 178. Hinds County cites to Consent Decree Provisions 20.6 and 20.8 to support its effort to exclude Plaintiffs from future participation in Progress Calls, *see id*. at 4, without recognizing that where "Paragraph 20.6 provides that 'Parties agree to have a conference call with Ms. Nelsen and the facility once every three weeks ("Progress Calls") . . . .'" the facility it not a party. *Id*. Furthermore, Defendant has not once objected to any such interactions between the facility, counsel, and Ms. Nelsen, which have occurred regularly since March 28, 2019. A total of 48 Progress Calls have been completed (4 in the first quarter of 2022). Progress Calls offer the only opportunity for discussion of the "jointly agreed-upon revisions the parties have made" as it relates to the means for Hinds County to achieve compliance as outlined in the CAP. Consent Decree at 24.

to the information that is 100% in their control. Defendant's Memo Opposing Order to Show Cause, ECF No. at 5 n4. To the contrary, Henley-Young Plaintiffs offered several specific examples of harm and violations of the Consent Decree in its Motion for an Order to Show Cause Why Defendant Should Not Be Held in Contempt of the Court's April 2, 2021 Order and Extended Third Amended Consent Decree with an accompanying memorandum. *See* ECF Nos.170, 171.

Hinds County has not demonstrated a commitment to achieving substantial compliance with all Consent Decree Provisions since ordered to do so by the Court in April 2021.[7] Not only does the Facility Roster for April 18, 2022, indicate a resident population exceeding 32 children in violation of the Consent Decree, *see* Facility Roster (redacted), ECF No. 179-1, from early December 2021 until days before the January 20, 2022, settlement conference, the Facility detained two children under Youth Court jurisdiction well beyond 21 days,[8] despite the Order of the Court clarifying that to do so violates the Consent Decree.[9] Additionally, Hinds County has not provided Ms. Nelsen with all specifically requested information regarding serious incidents –

---

[7] Where Hinds County's "solution" to any increase in the JCA population (80-bed capacity), *see* Defendant's Memo at 6, would potentially result in more overcrowding and the use of the second tier at the Facility, Defendant increases the substantial risk of serious harm in an already understaffed and under-resourced environment. Recent Facility Reports demonstrate Defendant's ongoing violations of Provision 2.1, where required staffing ratios are woefully deficient given the current average resident populations. *See generally* Facility Reports (redacted), ECF Nos. 170-1, 170-2, 170-3, 170-4, 170-5, 170-6, 170-7. For example, where Defendant eliminated positions in 2021 to provide staff raises, Hinds County does not address Mr. Dixon's prior concerns for the need for more staffing if the Facility's population exceeds the 32-resident limit. *See generally* Ninth Monitor's Rep., Jan. 27, 2016, ECF No. 61 at 9 ("with the increase in population the facility must hire the agreed upon staffing recommended in the initial report"), 30-32 ("The population at times has moved to 50+ residents which means that the original 91 staff must be hired.").

[8] The January 10, 2022, Facility Roster provided to Henley-Young Plaintiffs and Anne Nelsen, identified one Youth Court resident at 59 days, and another Youth Court resident at 39 days. The Defendant's response to Plaintiffs' inquiries on the January 6, 2022, Progress Call did not include a plan to release these children or offer a higher level of care in the interim.

[9] *See* Order, Aug. 16, 2021, ECF No. 165. "And Defendant is in violation of the Extended Third Amended Consent Decree if and when it houses children under Youth Court jurisdiction beyond the 21-day limit set forth in paragraph 2.1." *Id*. at 3.

including self-harm, serious suicide attempts, use or force resulting in injury, and sexual misconduct – including full investigations.

Another stark example of Hinds County's disregard of the orders of the Court involves the need for additional program space to enable Consent Decree compliance and protect the federal rights vulnerable and disabled children. In November 2019, pursuant to Provision 20.7 of the CAP, the Court ordered Hinds County to "select an approach to address the need for additional programming space within 90 days" and "adequately address anticipated increased staffing needs, if any, associated with additional programming space." Order to Address the Need for Additional Space, ECF No. 147 at 1. In February 2020, Hinds County recognized its "institutional challenges and insufficient and improper personnel" to meet the educational and mental health needs of vulnerable and disabled children detained in the Facility. Hinds County's Response to Order to Address the Need for Additional Space, ECF No. 150 at 2-3. Specifically, Defendant cited hiring architectural and construction firms "to accommodate the directives of this Court and potential changes to programming at the [Facility]." *Id*. at 3. However, the fact that the modular units installed in July 2020 in response to the Court's 2019 Order remain inoperable in 2022 for lack of adequate and adequately trained staff belies Hinds County's assertions that it has "complied with requirements central to the CAP" in its brief, Defendant's Memo at 14, and clearly supports Henley-Young Plaintiffs' position that the Consent Decree remains necessary to remedy multiple current and ongoing violations of Plaintiffs' federal rights.[10] Henley-Young Plaintiffs' Motion

---

[10] *See generally* Individuals with Disabilities Act, 20 U.S.C. §§ 1400, et seq.; Prison Rape Elimination Act, 34 U.S.C. §§ 30301, et seq.; Prison Rape Elimination Act Standards for Juvenile Facilities, 28 C.F.R. §§ 1153.311-115.393). Two regulations which govern required staffing are 28 C.F.R. § 1153.311(a): "The agency shall ensure that each facility it operates shall develop, implement, and document a staffing plan that provides for adequate levels of staffing, and, where applicable, video monitoring, to protect residents against sexual abuse; and 28 C.F.R. § 1153.311(c): "Each secure juvenile facility shall maintain staff ratios of a minimum of 1:8 during resident waking hours and 1:16 during resident sleeping hours, except during limited and discrete exigent circumstances, which shall be fully documented. Only security staff shall be

should be granted.

## ANALYSIS

**I.    Hinds County's Motion for Termination is Premature**

The Prison Litigation Reform Act ("PLRA") allows a party to move to terminate prospective relief under specific timelines. 18 U.S.C. § 3626(b)(1). A motion to terminate is only timely if filed "2 years after the date the court granted or approved prospective relief" or "1 year after the date the court has entered an order denying termination of prospective relief." *Id*. As a result, Hinds County incorrectly asserts that the Consent Decree is terminable, pursuant to § 3626(b)(1)(A)(i), where, notwithstanding amendments to the parties' agreement – which eliminated provisions for which Defendant maintained and sustained compliance – Hinds County remains under an enforceable judicial order. *See United States v. Chromalloy Am. Corp.*, 158 F.3d 345, 349 (5th Cir. 1998); *see also Frew ex rel. Frew v. Hawkins*, 540 U.S. 431, 437 (2004). Therefore, Hinds County's motion to terminate the Consent Decree is premature.

The Court extended the Consent Decree until March 28, 2023, with joint agreement from the parties, based on Defendant's lack of progress with compliance. The Consent Decree included previous language stipulating that "the remedies . . . are necessary to correct an ongoing violation of a federal right, extend no further than necessary to correct the violation of federal right, and that the prospective relief is narrowly drawn and is the least intrusive means to correct the violations." ECF No.161-1 at 2-3. At the time of the entry of the Consent Decree as an Order, the parties did not dispute ongoing violations or the appropriateness of the remedies under 18 U.S.C. § 3626. Hinds County did not challenge the Court's extension or the inclusion of language stipulating to

---

included in these ratios."

existing conditions and PLRA compliance regarding the relief. As of April 2, 2021, the "[p]arties' acknowledg[ed] substantial compliance [could not] be achieved by March 28, 2021." This highlighted the continuing need of Henley-Young Plaintiffs to protect the federal rights of vulnerable and disabled children in the custody of Hinds County.

Defendant acknowledges that the Consent Decree "remains the operative consent decree," ECF No. 174 at 7, and that "[i]t is undisputed that the agreement in this case is a consent decree consistent with 18 U.S.C. § 3626(c)(1)." *Id*. at 9. Regardless of this acknowledgement, Defendant now seeks termination under 18 U.S.C. § 3626(b). Although Defendant recognizes the timeframe pursuant to 18 U.S.C. § 3626(b)(1), Hinds County fails to address in Defendant's Motion and Defendant's Memo, ECF Nos. 173 and 174, why it believes its current motion is timely when, upon filing on March 18, 2022, the undisputed operative consent decree (ECF No. 161-1) was in place for less than one calendar year. Hinds County instead claims that the clock started with either the original agreement (2012), ECF No. 33, or the Third Amended Consent Decree (2019), ECF No. 144. *See* ECF No. 174 at 11. Given Defendant's stipulation that, as of the entry of the Consent Decree, ongoing violations continued and the remedies remained appropriate under the PLRA, it is clear that the clock restarted on April 2, 2021 with the Court's Order. The Consent Decree is more than a simple extension – it is a reiteration of the current and ongoing constitutional violations resulting in substantial risk of serious harm to disabled and vulnerable children in the custody of Hinds County.

The Court's April 2, 2021 Order states that "[t]he Consent Decree . . . shall not preclude Defendants from making a submission to the Court that they have come into compliance under the Consent Decree prior to March 28, 2023." ECF No. 161 at 2. Defendant's Motion does not claim that they are in compliance with the Consent Decree. ECF No. 173. Instead, Defendant explicitly

states that the Consent Decree "exceed[s] the constitutional minimum . . . and Henley-Young's current conditions do not violate detainees' basic constitutional rights." Defendant's Memo, ECF No. 174 at 2. This is to be contrasted with Defendant's commitment to come into compliance with the Consent Decree less than a year prior to their Motion to Terminate.

**II.     Even if Timely, Court Should Postpone the Automatic Stay Invoked by Hinds County's Motion to Terminate as Good Cause Exists**

If the Court determines a motion to terminate is timely, the automatic stay provision of the PLRA would be applicable. As Hinds County filed its Motion to Terminate pursuant to 18 U.S.C. § 3626(b)(1), the automatic stay would begin on the thirtieth day following the motion and ending on the entry of a final ruling. 18 U.S.C. § 3626(e)(2). Courts have an explicit ability to postpone the effective date of the stay "for not more than 60 days for good cause." *Id*. at § 3626(e)(3). The Court should find there is good cause to postpone the automatic stay provision of the PLRA for sixty days as allowed under 18 U.S.C. § 3626(e)(3).

The Supreme Court has sanctioned delays in the entry of the 60-day stay using a "relatively generous" standard for good cause. *See Miller v. French*, 530 U.S. 327, 340 (2000); *See also United States v. Hinds County*, No. 3:16-cv-489, slip op. at 1 (S.D. Miss. Feb. 4, 2022) (stating "[m]ost district courts . . . require[] a simple showing of some evidence of ongoing constitutional violations") (quoting *Braggs v. Dunn*, Civ. Act. No. 2:14-cv-601, slip op. at 4-5 (M.D. Ala. Sept. 24, 2021)); *S.H. v. Reed*, Case No. 2:04-cv-1206, 2012 WL 13118333 at *3 (S.D. Ohio Dec. 28, 2012) (finding that *Merriweather v. Sherwood*, 235 F. Supp. 2d 339 (S.D.N.Y. 2002), conflicted with the plain language of the PLRA when requiring a high standard of "widespread constitutional violations").

The only limitation on what may constitute good cause is "congestion of the court's calendar." 18 U.S.C. § 3626(e)(3). As outlined in *Braggs v. Dunn*, good cause presumably exists

in cases that are complex. The *Braggs* court bypassed the current constitutional violations basis as unnecessary and found that the "complexity of the issues on which the parties must prepare to present evidence" independently was "good cause" to postpone the stay. *Braggs*, 2020 WL 5735086 at *4. That court found that:

> In light of the nigh-insurmountable difficulty that the 30-day default deadline places on parties preparing for such hearings when the remedial disputes are as expansive and nuanced as those presented here, Congress created the 60-day extension to allow the parties enough time to put together a fair and adequate case while still ensuring that the court rules promptly on termination motions.

*Id.* (citing *Plata v. Brown*, 754 F.3d 1070, 1082 (9th Cir. 2014) (Bybee, J., dissenting) ("Good cause presumably exists in unusually complex cases like this one.").

The complexity in this case revolves around the overlapping issues between this case and the Department of Justice's lawsuit against Hinds County. Up until April 13, 2022, comparative issues directly impacting the federal rights of Henley-Young Plaintiffs were before another court. Despite a recent finding that there were continuing issues in the areas of compliance related vulnerable and disabled children, those provisions were deleted out of respect for the Court's discretion in this case. *See United States v. Hinds Cnty.*, 3:16-CV-489, slip op. at 47 (S.D. Miss. Apr. 13, 2022).[11] Additionally, pursuant to the Court's equitable authority, it could deem Henley-Young Plaintiffs' April 6, 2022, Motion for Clarification as a constructive request to postpone the automatic stay provision of the PLRA.

---

[11] "Though the County is only in partial compliance with paragraphs 78, 79, 81, 82, 83, and 84, there is a separate Consent Decree governing the County's detention center for Youthful Prisoners, Henley-Young. The Court wishes to avoid interference with that Consent Decree. On a going-forward basis, therefore, concerns about Henley-Young are best submitted to the discretion and sound judgment of the Presiding Judge in that case. *See J.H. v. Hinds County*, No. 3:11-CV-327-DPJ-FKB (S.D. Miss. filed June 1, 2011). **Accordingly, this entire section is deleted.** *United States v. Hinds Cnty.*, 3:16-CV-489, slip op. at 47 (S.D. Miss. Apr. 13, 2022) (emphasis added).

10

### III. Concerning a Motion for Termination, Court Benefits from Ordering Hinds County to Allow Joint Expert Access as Scheduled.

Termination of the Consent Decree, if the Motion to Terminate is timely, is only appropriate in the absence of this Court making "written findings . . . that prospective release remains necessary to correct a current and ongoing violation . . . extends no further than necessary to correct the violation . . . is narrowly drawn and the least intrusive means to correct the violation." 18 U.S.C. § 3262(b)(3); *See Guajardo v. Texas Dep't of Crim. Just.*, 363 F.3d 392, 394 (5th Cir. 2004). A "current and ongoing" violation is one that "exists at the time the district court conducts the § 3626(b)(3) inquiry." *Castillo v. Cameron Cnty., Tex.*, 238 F.3d 339, 353 (5th Cir. 2001) (citations omitted). As such, this Court must know of conditions *as they exist* as of now – the time of Hinds County's Motion to Terminate.

Even if the stay is postponed, it can only be extended for sixty days. 18 U.S.C. § 3626(e)(4). During a stay, Hinds County is no longer enjoined to ensure that the vulnerable and disabled children in their custody are protected. As this is a complex case due to the interrelated issues with *U.S. v. Hinds County*, the opportunity for Henley-Young Plaintiffs to request discovery and review evidence will be necessary to ensure the Court has an accurate understanding of current conditions. Although Henley-Young Plaintiffs offered evidence of current constitutional violations resulting in harm, ECF No. 177 at 16-18, 21-27, more evidence is required were the Consent Decree to be terminated. As the testimony of experts will be necessary, requiring Hinds County to allow Joint Expert Anne Nelson access, as already scheduled on April 26-29, 2022, prevents any delays due to schedule conflicts and provides that someone *familiar with the issues in this case* has the opportunity to view current conditions. Defendant's assertions that "had it not cancelled Ms. Nelsen's visit in light of the stay, the Plaintiffs foreseeably would have tried to use the County's

acquiescence to the visit against it in the future,"[12] is without merit where the CAP precludes Henley-Young Plaintiffs "from introducing the fact that the County engaged Ms. Nelsen in subsequent litigation." Consent Decree at ¶ 20.9.

## **CONCLUSION**

For the foregoing reasons, the Court should grant Henley-Young Plaintiffs' Urgent and Necessitous Motion to postpone the automatic stay of the Consent Decree for an additional 60 days pursuant to 18 U.S.C. § 3626(e)(3); and allow Joint Expert Anne Nelsen's access to the Henley Young Facility April 26-29, 2022, for a pre-scheduled site visit to gauge Hinds County's current compliance with the Consent Decree pursuant to the CAP.

Dated: April 22, 2022

Respectfully Submitted,

/s/ Leslie Faith Jones
Leslie Faith Jones, MSB No. 106092
Keisha Stokes-Hough, MSB No. 103717
Counsel for the Plaintiffs
Southern Poverty Law Center
111 East Capitol Street, Suite 280
Jackson, Mississippi 39201
Phone: (601) 948-8882
Facsimile: (601) 948-8885
E-mail: leslie.jones@splcenter.org
Email: keisha.stokeshough@splcenter.org

/s/ Greta Kemp Martin
Greta Kemp Martin
Counsel for the Plaintiffs
Mississippi Bar No. 103672
Disability Rights Mississippi
5 Old River Place, Suite 101
Jackson, Mississippi 39202
Phone: (601) 968-0600
Facsimile: (601) 968-0665
E-mail: gmartin@drms.ms

---

[12] Defendant's Response in Opposition to Urgent and Necessitous Motion to Postpone Stay and For Access, ECF No. 180 at 7.

## CERTIFICATE OF SERVICE

  I, Leslie Faith Jones, hereby certify that a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by email to all parties by the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

  This the 22nd day of April, 2022.

/s/ Leslie Faith Jones<br>
Leslie Faith Jones, MSB #106092