UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

J.H., ET AL.                                                                                          PLAINTIFFS

V.                                                              CIVIL ACTION NO. 3:11-CV-327-DPJ-FKB

HINDS COUNTY, MISSISSIPPI,                                                              DEFENDANTS
ET AL.

ORDER

Defendant Hinds County, Mississippi, is currently operating the Henley-Young Juvenile Justice Center under the Third Amended Consent Decree. On April 2, 2021, the Court extended that Consent Decree to remain in effect until March 28, 2023. On March 18, 2022, the parties filed competing motions: Plaintiffs asked the Court to require Hinds County to show cause why it should not be held in contempt for failure to comply with the Consent Decree, and Hinds County asked the Court to terminate or, alternatively, modify the Consent Decree. The briefing on those two motions is not yet complete, and, in the interim, Plaintiffs have filed two additional motions, which this Order addresses. Plaintiffs first moved for clarification or, alternatively, for a status conference. Mot. [175]. Later, they filed an Urgent and Necessitous Motion to Postpone Stay and for Access [179]. As explained below, the former motion is granted to the extent that the Court will set the case for a status conference after the briefing on the March 18 motions is complete; the latter motion is denied.

Hinds County's request to modify or terminate the Consent Decree and Plaintiffs' urgent and necessitous motion implicate 18 U.S.C. § 3626(e), which provides:

> (1) Generally—The court shall promptly rule on any motion to modify or terminate prospective relief in a civil action with respect to prison conditions. . . .
>
> (2) Automatic stay—Any motion to modify or terminate prospective relief . . . shall operate as a stay during the period—

>> (A)[] beginning on the 30th day after such motion is filed . . . and
>
>> (B) ending on the date the court enters a final order ruling on the motion.
>
> (3) The court may postpone the effective date of an automatic stay specified in subsection (e)(2)(A) for not more than 60 days for good cause. No postponement shall be permissible because of genuine congestion of the court's calendar.

The plain language of the statute is clear: 30 days after a party files a motion to modify or terminate, the order providing prospective relief is automatically stayed pending a ruling on the motion, but the Court has discretion to "*postpone* the effective date" of the stay. *Id.* (emphasis added). Once the stay has automatically taken effect, it is no longer possible to postpone it. *See Merriweather v. Sherwood*, 235 F. Supp. 2d 339, 342 (S.D.N.Y. 2002) ("[O]ne can only postpone something that has not yet occurred."). "The expiration of thirty days without a court order extending the stay means that the stay goes into effect[, and i]t can only be revoked by a final decision on the underlying motion to terminate." *Id.* at 342–43.

Here, Hinds County moved to modify or terminate the consent decree on March 18, 2022. So, on April 17, 2022, the Consent Decree was automatically stayed. Plaintiffs did not ask the Court to postpone the stay until after it had already begun. And while they now argue that the Court "could deem [their] April 6, 2022 Motion for Clarification as a constructive request to postpone the automatic stay provision of" § 3626(e), nothing in that motion indicated Plaintiffs were seeking a postponement of the automatic stay. Pls.' Reply [181] at 10.

Plaintiffs also argue that Hinds County's motion to terminate the consent decree is premature under 18 U.S.C. § 3626(b)(1). But Hinds County moved to terminate *or modify* the Consent Decree, and, under § 3626(b)(4), a party may seek "modification or termination before the relief is terminable under [§ 3626(b)(1)], to the extent that modification or termination would otherwise be legally permissible." Under § 3626(e), an order of prospective relief is automatically stayed upon the filing of "[a]ny motion to modify or terminate." So even if Hinds

2

County's motion to terminate is premature under § 3626(b)(1), its motion to modify the Consent Decree triggered the automatic stay.  The Consent Decree is automatically stayed until "the court enters a final order ruling on" Hinds County's motion to terminate or modify.  18 U.S.C. § 3626(e)(2)(B).

Plaintiffs also ask the Court to require Hinds County to grant "Joint Expert Anne Nelsen[] access to the Henley[-]Young Facility April 26–29, 2022, for a pre-scheduled site visit, pursuant to the Consent Decree's Corrective Action Plan."  Mot. [179] at 1.  They say "requiring Hinds County to allow . . . Nelsen access . . . provides that someone familiar with the issues in this case has the opportunity to view current conditions."  Pls.' Reply [181] at 11.  But as Hinds County notes, Plaintiffs "point to no identifiable, current authority providing [Nelsen] with a right to access the facility."  Def.'s Resp. [180] at 8.  The Consent Decree is stayed; Hinds County is under no obligation to allow Nelsen access to the facility.  Plaintiffs' Urgent and Necessitous Motion [179] is denied.

That said, the Court is obligated "to issue a prompt ruling" on Hinds County's motion to terminate or modify.  18 U.S.C. § 3626(e)(1).  To facilitate such a ruling, the Court grants Plaintiffs' Motion for Clarification or, Alternatively, a Status Conference [175] as to the alternative request for a status conference.  The parties are directed to contact Courtroom Deputy Shone Powell to set the case for a status conference to be scheduled as soon as practicable after May 2, 2022—the deadline for rebuttals on the two remaining motions.

**SO ORDERED AND ADJUDGED** this the 26th day of April, 2022.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE