UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

J.H., ET AL.                                                                                                    PLAINTIFFS

V.                                                            CIVIL ACTION NO. 3:11-CV-327-DPJ-FKB

HINDS COUNTY, MISSISSIPPI,                                                        DEFENDANTS
ET AL.

ORDER

Defendant Hinds County, Mississippi, has asked the Court to terminate or, alternatively, modify the Extended Third Amended Consent Decree. Plaintiffs' initial response raised a threshold issue: whether the motion to terminate is premature under 18 U.S.C. § 3626(b)(1). The Court held an in-chambers status conference on May 17, 2022, after which it ordered additional briefing on that threshold question. As explained below, the Court finds the request for termination is properly before it at this time.

I.      Facts and Procedural History

The facts are well known to the Court and the parties. Briefly, Plaintiffs filed this case against Hinds County in 2011 to remedy unconstitutional conditions at the Henley-Young Youth Detention Center. On March 28, 2012, the Court entered a negotiated Consent Decree [33], which contained 71 provisions with which Hinds County was expected to reach substantial compliance by March 28, 2014. On April 25, 2014, the Court extended the consent decree for two years—through March 28, 2016—and held Hinds County in contempt for its failure to make sufficient progress toward compliance with the original consent decree.

Hinds County did not come into substantial compliance with all provisions of the consent decree during the second two-year period, so, on March 25, 2016, the parties submitted, and the Court entered, an Amended Consent Decree [64]. That decree eliminated a few provisions and

set March 2018 as the new compliance deadline.  When that date arrived, the parties submitted a Second Amended Consent Decree [120] extending prospective relief through 2019.

In November 2018, Plaintiffs filed a motion seeking another extension of the consent decree, a corrective-action plan, or an order of contempt.  The Court heard oral argument and instructed the parties to confer and identify any provisions that should be removed either because the County had reached substantial compliance or because the provisions were no longer appropriate under 18 U.S.C. § 3626(b)(1)(3).  The Court further instructed the parties to meet with United States Magistrate Judge F. Keith Ball to resolve any lingering disputes.

That process resulted in the Third Amended Consent Decree [145], which the Court entered on April 3, 2019.  That agreement, which added a corrective-action plan, was to remain in effect until March 28, 2021.  When the parties agreed "that substantial compliance [would not] be achieved by March 28, 2021," the Court on April 2, 2021, entered an order extending the Third Amended Consent Decree for an additional two years, through March 28, 2023.  Order [161] at 1.

More than a year before the Extended Third Amended Consent Decree [161-1] was due to expire, Hinds County filed its Motion to Terminate or Modify [173] on March 18, 2022.  The Court now considers whether the portion of the motion seeking termination is premature.

II.     Analysis

The question before the Court arises under 18 U.S.C. § 3626(b)(1)(A), which provides in relevant part:

> In any civil action with respect to prison conditions in which prospective relief is ordered, such relief shall be terminable upon the motion of any party or intervener—
>
>> (i) 2 years after the date the court granted or approved the prospective relief; [or]

> (ii) 1 year after the date the court has entered an order denying termination of prospective relief under this paragraph.

In the initial briefing on the parties' recently filed motions, Plaintiffs argued that because two years had not elapsed since the Court extended the Third Amended Consent Decree, Hinds County's motion to terminate was premature under § 3626(b)(1)(A). *See* Pls.' Rebuttal [181] at 9–11. Plaintiffs' position was that § 3626(b)(1)(A)(i)'s two-year "clock restarted on April 2, 2021," when the Court extended the Third Amended Consent Decree. *Id.* at 10. The Court indicated during the May 17, 2022 status conference that it appeared Plaintiffs' argument was at odds with the language of the statute. So, in their supplemental brief, Plaintiffs added an additional argument, saying that Hinds County waived its right to move to terminate before the Extended Third Amended Consent Decree expires. The Court will address each argument in turn.

Starting with the prematurity argument, under the Prison Litigation Reform Act, Hinds County was entitled to move for termination two "years after the date the court granted or approved the prospective relief." 18 U.S.C. § 3626(b)(1)(A)(i). Plaintiffs maintain "the two-year clock . . . restarted on April 2, 2021," when the Court extended the Third Amended Consent Decree. Pls.' Mem. [191] at 9. But they cite no authority for their construction of § 3626(b), and the Court did not "grant[] or approve[]" prospective relief on April 2, 2021. 18 U.S.C. § 3626(b)(1)(A)(i). It simply extended the duration of the prospective relief ordered on April 3, 2019. Hinds County waited more than two years from the date the Court "granted or approved" prospective relief before moving to terminate. *Id.* Its motion is not premature.

Turning to waiver, Plaintiffs are correct that, "absent some affirmative indication of Congress' intent to preclude waiver, . . . statutory provisions are subject to waiver by voluntary agreement of the parties." *United States v. Spalding*, 894 F.3d 173, 189 (5th Cir. 2018) (quoting

3

*United States v. Mezzanatto*, 513 U.S. 196, 201 (1995)). And other courts have found that the right to seek termination of a consent decree under § 3626 may be waived. *E.g.*, *Young v. County of Contra Costa*, No. 20-CV-6848-NC, 2021 WL 783583, at *2 (N.D. Cal. Feb. 28, 2021); *Braggs v. Dunn*, 321 F.R.D. 653, 676 (M.D. Ala. 2017).

But Plaintiffs have not shown that Hinds County actually waived the right to seek termination. They fail to point to language in the Extended Third Amended Consent Decree indicating that Hinds County agreed to forego its right to seek termination. And the Extended Third Amended Consent Decree is silent as to Hinds County's right to seek modification or termination prior to its expiration. *Compare Jones'El v. Schneiter*, No. 00-C-421-C, 2006 WL 2168682, at *3 (W.D. Wis. July 31, 2006) ("[T]he parties inserted into the consent decree a provision in which they agreed 'not to seek to modify or terminate or otherwise challenge th[e] Agreement or any order approving or implementing th[e] agreement, for a period of five years' from the date the court approved the agreement."), *with* Extended Third Amended Consent Decree [161-1] at 2 ("This agreement will terminate at the end of two years.").

Even if Hinds County had agreed not to seek early termination of the Extended Third Amended Consent Decree, the Court is not convinced it would be powerless to terminate the consent decree at this time. As the court stated in *Jones'El*,

> With the PLRA, Congress sought to curtail federal courts' long-term involvement in prison reform and halt federal courts from providing more than the constitutional minimum necessary to remedy federal rights violations. Given that reality, it would be sophistry to read § 3626(b)(1)(A)([i]) as barring a court from terminating a decree when federal rights are no longer violated.

2006 WL 2168682, at *4 (citation omitted). Hinds County's motion presents an avenue for the Court to exercise its "obligation to [e]nsure that the consent decree remains tailored to remedy the wrongs for which it was created." *Id.*

4

III.     Conclusion

The Court has considered all arguments. Those not directly addressed would not have changed the outcome. The Court concludes that it may consider Hinds County's request for termination of the Extended Third Amended Consent Decree. The parties are directed to contact the Chambers of United States Magistrate Judge F. Keith Ball to set this matter for a scheduling conference to set the parameters for the discovery needed in advance of an evidentiary hearing on Hinds County's motion.

**SO ORDERED AND ADJUDGED** this the 1st day of August, 2022.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE
